## UNITED STATES FIDELITY & CASUALTY CO. et al. v. HARRISON et al.

No. 17472.   Opinion Filed Dec. 7, 1926.

Rehearing Denied June 7, 1927.

**Master and Servant—Workmen's Compensation Act—Continuing Jurisdiction of Industrial Commission—Modification of Awards.**

Claimant asked for compensation on account of injuries to his back and left leg, and the evidence tended to show injury to both the back and left leg. The State Industrial Commission made an award for partial permanent loss of the use of the leg according to the schedule of section 7290, C. O. S. 1921, fixing the number of weeks to be allowed for the loss of such member, which award was paid to claimant in lump sum. Thereafter, claimant filed his application to re-open the case, not on account of change in conditions, but on the ground that the Commission had

by mistake overlooked the injury to his back in making said award, and asked for compensation for the greater period of weeks provided in paragraph 4 of said section for temporary partial disability. The Commission sustained the motion and after taking further evidence showing the injury to the back, made the award accordingly, being at the same rate but not overlapping the award made and paid for partial loss of the leg. Held, under section 7325, Id., clothing the Commission with continuing jurisdiction to modify or change its former findings or awards, from time to time, as in its opinion may be just, there was no error. Under said statute, the doctrine of res judicata and estoppel by receiving the first award are not applicable.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from Award of State Industrial Commission.

Action by the United States Fidelity & Casualty Company et al. to review an award of the State Industrial Commission for additional compensation to J. E. Harrison. Affirmed.

Rittenhouse & Rittenhouse, Frank E. Lee, and J. Fred Swanson, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants in error.

Opinion by ESTES, C. This is a proceeding commenced in this court by the insurance carrier and the employer to review an award of the State Industrial Commission in favor of the claimant, defendant in error, Harrison. Claimant was injured while working in the Beck Mining Company, on January 17, 1924. The employer's notice of injury advised that a rock or piece of ice fell down the shaft of the coal mine where claimant was at work, striking him upon the hip, "causing a strain of the left hip and back". The notice of the claimant advised that a boulder fell down such shaft, striking claimant in the back, resulting in muscular strain or injury of the back and also the left leg, and that claimant was unable to use his left side. On January 4, 1925, the commission made an award for injury to claimant's leg only, not mentioning injury to his back, finding that as a result of the accident claimant sustained permanent loss of 50 per cent. of the use of the left leg, and that he was entitled to compensation at $18 per week for a period of 87 1-2 weeks, or $1,575. less sums already paid. The evidence is ample that claimant received serious and permanent injuries to his left leg, shortening that

member. No appeal was taken from the said award, and the sum was paid to the claimant in lump under the rule for compensation. The award purported to be final. It was based upon the schedule of compensation under section 7290, C. O. S. 1921, for partial loss of the use of a leg. Twenty-eight days thereafter, and on July 2, 1925, claimant filed with the Commission his motion for a rehearing, alleging that although the award covered the injury to his leg, the Commission had wholly failed to consider in its award any compensation for injury to his back, notwithstanding the evidence on the hearing disclosed injury to his back; that the award should have been made under the 4th paragraph of said section, providing for compensation for temporary partial disability, and should have been as thus provided 50 per centum of the difference between the average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, during continuance of such partial disability, but not in excess of 300 weeks. Under the Commission's orders and otherwise, numerous examinations were made by medical experts to determine extent of disability. Testimony was taken on January 23, 1926, by one of the commissioners at McAlester. On March 18, 1926, on consideration of all the evidence, the Commission found that in addition to the permanent injuries to claimant's left leg as determined in the award of June 4, 1925, claimant sustained injury to his back as a result of said accident, which disabled him from performing his ordinary manual labor, but that claimant could perform lighter work if same were given him; that as a salesman for an automobile concern, being lighter work, plaintiff had for a certain time earned certain wages which ought not to be included in the award. The Commission thereupon made an award of $18 per week, not overlapping the payments under the previous award, to continue during the period of temporary partial disability or until otherwise ordered, subject to the right of either party to have the cause reviewed to determine the degree of impairment to claimant's wage-earning capacity. The evidence adduced upon the second hearing is ample to show serious injury to the lower left part of claimant's back, the hip and hip joint. We do not mention this evidence further, because it is not contended by plaintiffs in error otherwise. This award is presented for review.

Section 7325, Id., provides that the power and jurisdiction of the Commission over each case shall be continuing, and it may, from

time to time, make such modification or change with respect to former findings or orders relating thereto as in its opinion may be just, including the right to require personal examination, etc. Under Choctaw Portland Cement Co. v. Lamb et al., 79 Okla. 109, 189 Pac. 750, and Sun Coal Co. v. State Ind. Com. et al., 84 Okla. 164, 203 Pac. 1042, there was no error in said second award. Plaintiffs in error contend that the action of the Commission was under section 7296, Id., providing for a review of the award on the ground of a change in conditions. There is no merit in this contention. Either party may, within the statutory time, effect review of an award. The fact that neither party does appeal, or that the award is paid, cannot defeat the plenary and continuing jurisdiction under said section 7325 in a proper case. In the Choctaw Case, supra, this court said that this jurisdiction to modify or change its former findings or orders serves as a protection both to the employer and employee and enables the Commission to effect justice where the amount previously awarded was either too large or too small, or where the Commission previously had erred in fixing the compensation through mistake or because of fraud practiced upon it. However, the court found under the facts in that case, there had been a change in condition. In the Sun Coal Case, supra, the claimant filed a motion to reopen the cause and grant a further hearing on the ground that he had suffered partial permanent injury to the index finger, and was entitled to partial permanent disability pay; and that no proper award had been made for the same. The same contention was there made as here, that the action was based upon a change in conditions. The original award in that case had been paid and the motion to re-open the case in order to consider the additional injury to the index finger was filed more than 30 days after the original award. We are following the rule in that case. The action of the Commission in the instant case is analogous to the granting of a new trial in a regular judicial tribunal and is directly authorized by the statute. The foregoing substantially disposes of all the errors complained of. It is clear that the doctrine of res judicata and estoppel by receiving the payment, contended for by plaintiffs in error, are inapplicable. It is unnecessary to cite the holdings of this court to the effect that the rules of ordinary court procedure are inapplicable to hearings before the Industrial Commission. The Workmen's Compensation Act deprives the claimant of his common-law remedies and the courts cannot deny the remedies vouchsafed to him by the statutes. Otherwise, the very purpose of the law that the industries of the state should compensate in the manner and to the extent provided by the law, the disabilities of all the workmen coming within the law, would be defeated. Let the award be affirmed.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts — C. J. p. 117, §115; anno. L. R. A. 1916A, 163; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. p. 1579; 6 R. C. L. Supp. p. 1763.