**COLINE OIL CO. v. WINTERS et al.**

No. 22093. Opinion Filed Jan. 19, 1932.

Rehearing Denied March 1, 1932.

Rainey, Flynn, Green & Anderson, M. M. Gibbens, and L. A. Marrs, for petitioner.

R. R. McCornack and W. H. Woods, for respondents.

CULLISON, J. This is a proceeding to review an award of the State Industrial Commission rendered on January 13, 1931, in favor of Sam Winters.

The record and award discloses that respondent was in the employ of petitioner prior to July 1, 1930, and engaged in a hazardous employment covered by the Compensation Law, and that on July 1, 1930, he suffered an accidental injury resulting in disability to respondent, and awarding compensation therefor.

The petitioner urges upon appeal to this court that the Commission erred; First, in that the findings of the Industrial Commission are not supported by the evidence; and second, the failure to give the statutory notice by respondent bars his claim to compensation.

The evidence introduced at the hearing before the Commission was conflicting. We have examined the record thereof and find that there is competent evidence in the record supporting the findings as made by the Industrial Commission, and where there is competent evidence to support said finding, this court will not review the same upon appeal to this court, but will affirm the same. Citing Northwestern Refining Co. v. State Industrial Commission, 145 Okla. 72, 291 P. 533.

The above authority and many other opinions rendered by this court to the same effect are conclusive upon the question under consideration, and binding upon this court, and decisive of the question under consideration.

The second proposition raised by petitioner is that the failure of claimant to give statutory notice of his injury bars his claim for compensation (section 7292, C. O. S. 1921).

At the trial of said cause the foreman under whom respondent worked for petitioner testified that he knew of the injury to respondent on the date respondent received the same, but apparently said information was not conveyed to his superiors. However, this was sufficient notice to petitioner in said cause to bring this case within the rule announced by this court in the case of Olson Drilling Co. v. Tyron, 150 Okla. 18, 300 P. 663, wherein the court said:

"It is generally held that knowledge by a foreman of the accident is the knowledge of the employer so as to dispense with formal notice."

After a full and careful consideration of the record and the authorities cited in support of the contention of the parties thereto, we hold that the petition to vacate the award should be denied, and the award is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 827 et seq.; R. C. L. Perm. Supp. p, 6255; R. C. L. Pocket Part, title Workmen's Compensation, § 116.