### E. G. FIKE CO. et al. v. VICE et al.

No. 22872. Opinion Filed June 28, 1932.

Rehearing Denied July 27, 1932.

A. J. Follens and Clayton B. Pierce, for petitioners.

Leahy & Brewster, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the petitioner and its insurance carrier to review an award of the State Industrial Commission in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant, respectively.

That the claimant sustained an accidental personal injury arising out of and in the course of his employment is admitted. An award was made in favor of the claimant on April 12, 1928, for the loss of his left eye. There was no reference in the award as to any loss of hearing, although the testimony prior thereto had shown a loss of hearing. There was some question as to whether or not the loss of hearing was attributable to the injury. On December 31, 1928, the State Industrial Commission made an order dismissing the cause for want of prosecution. On January 11, 1929, the claimant filed a motion to set aside the order dismissing the cause for want of notice. On January 15, 1929, an order was entered denying the motion of the claimant to set aside its order of December 31, 1928. That order recited that the motion was denied for the reason that "* * * all the rights of claimant in this case having been previously tried and adjudged by the Commission." It is upon that portion of the order that the petitioners base their contention that all of the rights of the claimant were adjudicated by the State Industrial Commission in its order dated April 12, 1928. On May 17, 1931, the claimant filed a motion in which he sought an award for loss of time from his employment, for impairment of his hearing, and for injuries to his head. The cause was reopened and an award was made to the claimant in the amount of $750 for the permanent partial loss of hearing in both ears. It is that order that this court is asked to review. The claimant contends that while the issue of loss of hearing was presented at the first hearing, the State Industrial Commission did not make a finding of fact as to whether or not there was a loss of hearing, and that it retained jurisdiction to make that finding and an award based thereon at a later date. The order of April 12, 1928, was not an order denying compensation for loss of hearing. For that reason the cases cited by the petitioners are not in point. They relate to cases wherein the State Industrial Commission made an adverse finding as to a claim. Herein there was no adverse finding as to the claim for compensation for loss of hearing. There is competent evidence in the record reasonably tending to show that the claim-

ant sustained a loss of hearing by reason of the accidental personal injury.

No question is raised as to the correctness of the computation of the award for loss of hearing.

We find no cause for disturbing the award made to the claimant, and the petition to vacate the same is therefore denied.

HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.