**LETTS BOX MFG. CO. et al. v. ROWAN et al.**

No. 23381. Opinion Filed April 25, 1933.

Clayton B. Pierce and Fred M. Mock, for petitioners.

G. G. McBride and C. W. Schwoerke, for respondents.

BUSBY, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the respondent Otis Rowan, who was claimant before the commission. The parties will be referred to as petitioners and claimant, respectively.

An examination of the record discloses that for two or three years prior to the time of the alleged accidental injury suffered by the claimant, he was working for the petitioner Letts Box Manufacturing Company, in Oklahoma City. The services performed by him during this period of time were varied in their nature. On the 8th day of June, 1931, which was the date of the alleged accidental injury, the claimant was operating a nailing machine, when, according to his testimony, something flew out of the machine and struck him in the eyes. Within 30 days after the occurrence of the injury, both the claimant and the respondent each filed a formal notice of injury with the State Industrial Commission. The claimant "filed notice of injury and claim for compensation," describing the injury received as "eye injured." The petitioner filed notice of injury, describing the injury as "right

eye, some foreign particle causing an irritation."

On December 4, 1931, when the cause came on for hearing before the State Industrial Commission, the claimant was permitted, over the objection of the petitioners, to file an amended claim, describing the injury as "both eyes injured." After hearing the evidence introduced by the respective parties, the Industrial Commission decided the issues in favor of the claimant, and on the 25th day of January, 1932, made a finding that claimant had sustained a 35 per cent. permanent loss of vision in both eyes, and awarded him compensation based upon such permanent loss of vision for a period of 175 weeks at the rate of $8 per week. Petitioners thereafter filed a motion for rehearing, alleging the discovery of material evidence subsequent to the date of the award, which motion for rehearing was overruled by the Commission.

The petitioners challenge the sufficiency of the evidence to sustain the award, urging that the evidence conclusively shows that the defective condition of the claimant's eyesight existed prior to the time of the alleged accident, and, second, that the disability is likely the result of a condition "occupational in nature." In connection with the last mentioned contention, it is urged that the evidence conclusively shows that the injury to and defective condition of the claimant's eyes was the result of a continued exposure of sawdust over a period of two or three years, the condition being described as keratitis. We have carefully examined the record for the purpose of determining the merits of the contention made by the petitioners, and find that, while there is evidence which supports the view that the disability existed prior to the time of the alleged accidental injury, there is likewise evidence in the record supporting the claimant's theory that the disability sustained was the result of an accidental injury, occurring in the course of the claimant's employment on the 8th day of June, 1931. Under the previous holding of this court, and by virtue of the express provisions of section 13360, O. S. 1931, the decision of the Commission is final upon all questions of fact when there is evidence tending to support the finding. We shall not burden this opinion with a detailed recitation of the testimony of the various witnesses.

Petitioners also urge that the claimant is precluded from recovering any compensation by virtue of any injury suffered in his left eye, for the reason that the first notice of injury filed before the Commission by the claimant described the injury as affecting one eye, it being the contention of the petitioners that they had no notice or knowledge of the existence of any injury to the other eye within the 30 days' period provided by law under section 7292, C. O. S. 1921, section 13358, O. S. 1931. It is the contention of the claimant that notice given within the 30 days' period was sufficient in form, and that even though it was not sufficient in form, petitioners had actual notice of the fact that the claimant had suffered an injury to his left eye. It is particularly urged in this connection that the claimant advised the doctor of the petitioners at the time he was being treated by them, which was immediately after the injury, that the injury extended to both eyes. An examination of the testimony of the claimant discloses that it is rather indefinite on this point, but is, perhaps, sufficient upon which to base a finding that the doctors were advised of and knew of the injury to the left eye, which the State Industrial Commission found to exist. In the absence of a specific definite notice of injury to the left eye, it is our opinion that the notice filed with the Commission was sufficient to put the petitioners upon inquiry as to the extent of the injury suffered by the claimant. This court has adopted a rather liberal view in connection with the character of the 30 days' notice, and also in connection with the sufficiency of the description of the injury as contained in the original claim filed before the Commission. Thus, in the case of Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694, the rule was announced in the second syllabus paragraph as follows: .

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation."

In that case this court held, in substance, that, when the petitioner has knowledge of the facts of the injury, it is charged with the knowledge of the extent of the disability. A more recent case to the same effect, and announcing the same rule, is the case of Chicago Bridge & Iron Works, a Copartnership, v. S. L. Lawson and State

Industrial Commission, No. 23659, decided April 11, 1933, not yet officially reported. On the authority of these cases, we hold that the State Industrial Commission, in the instant case, committed no error in awarding the claimant's compensation for the permanent partial loss of vision in both eyes, and that the contention of the petitioners, to the effect that the compensation should be restricted to the injury suffered in the right eye because of alleged insufficiency of the notice, is without merit.

It is also urged that the Commission committed error in denying the motion of the petitioners for a rehearing on the ground of newly discovered evidence. An examination of the motion discloses that same is very brief in form, and does not set forth facts showing due diligence to procure such evidence before the time of the previous hearing, and with the exception of certain additional expert medical testimony, which is cumulative in its nature, the proposed additional evidence is not definitely set out and its nature can be gleaned only from the conclusions of the pleader contained in such motion. The showing made is wholly insufficient to indicate an abuse of discretion on the part of the Commission in denying the rehearing. It is, therefore, the opinion of this court that the award of the State Industrial Commission should be in all respects affirmed, and it is so ordered.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. SWINDALL and WELCH, JJ., absent.