**FOX et al. v. BROWN et al.**

No. 26064.   March 3, 1936.

Pierce, Follens & Rucker, for petitioners.

Murray F. Gibbons, for respondent A. N. Brown.

BUSBY, J.  The petitioners, John W. Fox, as employer, and the Aetna Life Insurance Company, as insurance carrier, present to this court for review an order and award of the State Industrial Commission made and entered on the 17th day of November, 1934, by which the respondent herein, A. N. Brown (c'aimant before the Industrial Commission) was awarded compensation for a 20 per cent. permanent partial loss of use of his left arm.

It appears from the record that on April 17, 1933, the State Industrial Commission had awarded to the claimant compensation for permanent partial disability under the "other cases" clause of the Workmen's Compensation Act. The compensation thus awarded was based upon the claimant's loss of earning capacity. It also appears that as a result of an accident which occurred on the 16th day of September, 1928, claimant had suffered a multiple injury. His skull had been fractured, his shoulder bone had been crushed, and, if the finding of the commission in the award under consideration is correct, he suffered a 20 per cent. loss of use of his left arm. He was entitled to compensation for the loss of use of the specific member in accord with the provisions of the specific disability section (sec. 13356, O. S. 1931) and in addition thereto he was entitled to compensation under the "other cases" clause of section 13356, supra, for such loss of earning capacity as he may have suffered which was not attributable to the loss of use of the specific member. See Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. (2d) 873.

In the order of April 17, 1933, no mention whatever was made of the loss of use of the specific member, and apparently no compensation whatever was awarded for the same, although in the hearing which preceded the order evidence was introduced touching upon this portion of the claimant's injury. Both the petitioner and the claimant were dissatisfied with that award and both presented the case to this court for review, the peti-

202

tioner by a petition and the claimant by a cross-petition. That case, however, was not decided. The parties, with the approval of this court, dismissed the same. The effect of such dismissal was to make the order of the commission final as to the matters and things therein determined.

Petitioners urge that the dismissal was also effective to preclude the claimant from asserting a right to further compensation for the reason that it was made pursuant to agreement between the parties whereby the claimant, according to the interpretation placed upon the agreement by the petitioner, waived any right to further compensation. Assuming petitioners' construction of the agreement to be correct, we are unable to attach to that agreement the legal effect contended for. In order for an agreement affecting compensation to be effective, either as an agreed statement of facts under section 13360, O. S. 1931, or as a joint petition under section 13391, O. S. 1931, such agreement must be approved by the State Industrial Commission. Such approval of the alleged agreement involved in this case was not obtained. Similarly, a waiver of compensation by an employee is invalid. Section 13371, O. S. 1931.

The petitioners also urge that the determination of the amount of compensation under the "other cases" clause as made in the order of April 17, 1933, precluded the awarding of additional compensation for specific injury at a later date, even though the first order was silent upon whether compensation for the specific injury should be awarded or denied.

The question presented would be entitled to grave consideration and careful analysis if it had not already been decided by this court adversely to the contention of the petitioners. In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, it is presumed that the injuries not mentioned have not been considered and determined. The commission can thereafter consider and determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman has sustained a change of condition. E. G. Fike Co. v. Vice, 158 Okla. 243, 13 P. (2d) 143; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906; U. S.

F. & G. Co. v. Harrison, 125 Okla. 90, 256 P. 752.

Under the rule thus established the commission was in this case entitled to award compensation for the permanent partial loss of use of claimant's left arm without a showing as to change of condition.

Petitioners also urge that if the application which preceded the order under consideration be treated as a motion to reopen on the ground of change of condition the consideration thereof was barred by section 4 of chap. 29, S. L. 1933. Since the application was not so considered by the State Industrial Commission and is not so treated in this opinion, the basis upon which the legal argument presented under this contention rests does not exist. In other words, we are not considering a motion to reopen upon the ground of change of condition, and therefore the limitation upon the time within which such motions can be considered as provided by section 4 of chap. 29, supra, does not apply.

It follows that it is unnecessary for us to consider whether that statutory provision would also be inapplicable for the additional reason that the accident involved herein arose before the effective date of the legislative act last above mentioned.

No other complaint being made concerning the award of the commission, the same is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur.