## MEADOR & WHITAKER CO. et al. v. DAVIS et al.

No. 26492.   Sept. 8, 1936.

Pierce & Rucker and Fred M. Mock, for petitioners.

W. P. Morrison and John Morrison, for respondent Davis.

PHELPS, J. This is an original action to review an award of the State Industrial Commission, instituted by the insurance carrier of the employer of claimant, in whose favor the award was made.

On December 19, 1931, the claimant, while in the performance of his duties, was thrown against some oil pipe, inflicting what appeared at that time to be only minor injuries to his arm and back. His testimony was that he reported this fact to the superintendent or foreman, and then went back to work, and on the same day received an injury to his eye; that he also reported this eye injury to the foreman and was sent to the employer's physician; that he told the physician of the back and arm injuries, as well as the eye injury. The physician testified that he did not remember having been told about the arm or back injury, but would not testify that it was not reported to him.

Within the following 30 days the claimant filed his written notice of injury to the eye, but therein the back injury was not mentioned. The claimant was made an award for injury to an arm, growing from the accident. This award became final. On motion to reopen on account of a change for the worse in the condition of his back resulting from said accident, the commission made him an award covering the back injury, which, physicians testified, had resulted in permanent kidney disability.

Throughout the entire brief the petitioners argue strenuously of apparent inconsistencies in the testimony of claimant, at the various hearings held since the inception of the claim. We agree with the petitioners that several grave inconsistencies do exist in this respect in the record. Nevertheless, it is fundamental that such argument is more clearly addressed to the fact-finding body, and that in a review of such proceedings we are restricted on fact questions to the determination of whether any competent evidence was adduced in support of the findings made by the commission.

The first contention of the petitioners is that the finding of the State Industrial Commission that the employer received actual notice of the injury within the 30-day statutory period following the injury, is not sustained by any competent evidence. Petitioners do not deny that the written notice was given, but point out that this covered only the eye injury, and not the other injuries. The commission excused the giving of the written notice, because of the belief that actual notice of the back and arm injury was given, and that therefore the employer was not prejudiced through failure to receive the written notice of such injury. The record reveals that at two or more different hearings the claimant testified that he informed the employer's superintendent of the fact that he had received the injuries to his back and arm. One of these occasions was at the time of the accident. It is true that no particular importance was attached to the back and arm injuries at that particular time, either by the claimant or by the representative of the employer. In fact, it appears that the claimant himself did not regard the blow or bruise to his side and back to be of much importance until a considerable while afterward, when the internal effects thereof began to tell.

Nevertheless, the testimony of claimant, to the effect that he did in fact notify the superintendent of the injury when it occurred, is competent testimony, the weight or credibility of which was for the commission's own determination.

It was of course not incumbent upon claimant to foresee that the accident would result later on in the kidney impairment, which the physician testified did result from the injury. We stated in Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation."

See, also, Letts Box Mfg. Co. v. Rowan, 163 Okla. 140, 21 P. (2d) 508.

We held in Coline Oil Co. v. Winters, 155 Okla. 217, 8 P. (2d) 675, and in a number of other cases, that knowledge by a foreman of the accident is knowledge of the employer.

The fact that when compensation was first awarded it was only for the arm injury did not preclude the commission from making a later additional award for the results from the back injury, as possibly the latter had not developed when that hearing was held. In Fox v. Brown, 176 Okla. 201, 55 P. (2d) 129, we held that:

"In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, it is presumed that the injuries not mentioned have not been considered and determined. The commission can thereafter consider and determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman has sustained a change of condition. E. G. Fike Co. v. Vice, 158 Okla. 243, 13 P. (2d) 143; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906; United States F. & G. Co. v. Harrison, 125 Okla. 90, 256 P. 752."

The petitioner's second proposition is that there is no competent evidence tending to sustain the award. The entire argument to this proposition is dedicated to pointing out inconsistencies in the statement of claimant and in the testimony of one of claimant's physicians. Two other physicians testified for claimant, whose credibility is not attacked in the present brief. As stated above, entirely aside from these inconsistencies, there was ample competent evidence to sustain the award, and it is by this time well settled that this court will not weigh conflicting evidence to determine what finding of fact should have been made by the commission.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.