## SINCLAIR PRAIRIE OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 26618.    Oct. 20, 1936.

Rehearing Denied Dec. 1, 1936.

Application for Leave to File Second Petition for Rehearing Denied Dec. 15, 1936.

Edward H. Chandler and Summers Hardy, for petitioner.

Rittenhouse, Webster & Rittenhouse, Tom C. Waldrep, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Sinclair Prairie Oil Company, as petitioner, to obtain the review of an award made on August 13, 1935, by the State Industrial Commission in favor of the respondent Elmer Crail.

On September 4, 1929, the respondent filed with the State Industrial Commission an employee's first notice of injury and claim for compensation wherein he alleged an injury to his right foot as the result of an accident sustained by him while in the employ of the petitioner on August 9, 1929. Payment of initial compensation was reported to the commission on September 14, 1929, and on September 28, 1929, the parties filed stipulation and receipt on the commission's Form No. 7, whereby payment of further compensation was evidenced. Thereafter, on May 14, 1930, the respondent filed another employee's first notice of injury and claim for compensation with the commission, wherein he alleged injury to his ankle and eye as a result of accident sustained on August 9 and August 12, 1929; thereafter, on July 30, 1930, a joint agreement on commission's Form No. 14 was filed, whereunder the parties agreed that the respondent had sustained a 10 per cent. permanent loss of use of his right foot as a result of accident August 9, 1929, and under which respondent was paid the further sum of $300. This agreement was approved by the commission on August 4, 1930. Thereafter, on June 22, 1932, the respondent requested the commission to reopen the cause on account of change in his condition. As a result of a hearing conducted on this application the commission, on July 13, 1932, awarded the respondent the further sum of $270 on account of an additional 10 per cent. loss of use of his right foot. In all of the proceedings thus had before the commission the alleged injury to the respondent's eye was not considered and no testimony was offered or submitted in connection therewith. Subsequently, on March 30, 1933, the respondent filed a motion requesting the commission to reopen the cause and to determine the extent of his disability as shown by a report of Dr. James R. Reed, attached to said motion and made a part thereof. This report reveals that the respondent had sustained an entire loss of vision in his left eye. The commission thereupon proceeded to hear the parties upon this issue, and evidence was introduced by both respondent and petitioners and the cause submitted to the commission upon the single issue presented. The commission thereupon, on April 21, 1933, entered the following order:

"Now, on this 21st day of April, 1933, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Oklahoma City, April 17, 1933, before Inspector T. J. McConville, duly assigned by the commission to conduct said hearing, on motion to reopen and award further compensation, at which hearing the claimant appeared in person and by his attorney, Owen F. Renegar, the respondent appeared by Worth B. McCauley; and the commission, after reviewing the testimony taken at said hearing, reviewing the record on file, and being otherwise well and sufficiently advised in the premises, is of the opinion that claimant's motion to reopen should be overruled.

"Upon consideration of the foregoing facts the commission is of the opinion that the claimant's motion to reopen on change of condition be and the same is hereby overruled."

The parties appeared to be satisfied with the order of the commission, and no further action was taken until April 26, 1935, when the respondent again requested the commission to determine the extent of his disability on account of injury to his left eye, alleging that the commission had never made or denied an award on account of this disability. On May 29, 1935, the petitioner filed a reply wherein it pleaded that the order of April 21, 1933, was res adjudicata of the question which respondent was then attempting to

have the commission determine. At the hearing the petitioner challenged the jurisdiction of the commission on account of failure of the respondent to give notice of alleged injury of August 12, 1929, and on the further ground that the claim of injury to the eye had been adjudicated adversely to the respondent by the commission in its order of April 21, 1933. The objections and exceptions were overruled, and the commission proceeded to again hear the parties, the evidence at this hearing being substantially the same as that introduced at the hearing had in April, 1933. As a result of this last hearing the commission made the following findings:

"1. That on the 9th day of August, 1929, the claimant herein was in the employ of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law; that arising out of and in the course of such employment the claimant sustained an accidental personal injury the nature of which was an injury to his right ankle caused by a sprain and tearing the ligaments loose, and being hit on the head by a 2 by 12 plank, causing his left eye to be injured.

"2. That on August 9, 1932, the commission made and entered its order adjudicating the amount of permanent partial disability and the temporary total disability, by reason of the injury to the right ankle, but there was no adjudication because of the injury to the left eye.

"3. That the commission also in its order of August 9, 1932, adjudicated the average daily wage of the claimant at $6 per day at the time of said accidental injury.

"4. That by reason of said accidental injury the claimant has sustained a total loss of sight or vision of the left eye.

"5. That under the facts in this cause the respondent was not prejudiced by reason of the failure of the claimant to give written notice to the commission and the respondent within 30 days, for the reason that the respondent had actual notice of the claimant being hit on the head, which resulted in the loss of vision to his left eye"

—and awarded respondent the sum of $1,800 as compensation on account of 100 per cent. loss of vision in his left eye. This award we are now called upon to review.

The facts essential to an understanding and determination of the controversy may be briefly stated as follows: The respondent was in the employ of the petitioner on August 9, and August 12, 1929. The evidence shows that he sustained an injury to his right foot on August 9, 1929, by stepping into a ditch; that, however, he continued his work

until August 12, 1929, when while helping to carry a heavy plank he slipped and hurt his foot again and at the same time was struck on the head; that the petitioner was immediately informed of the accident and sent the respondent to Dr. Harper Wright for examination and treatment; that Dr. Wright treated the respondent for the injury to his right foot, but did nothing with reference to any head injury; that respondent never gave the doctor any history of injury to his head, and that this continued until the hearing had in April, 1933. Respondent testified that he learned of the loss of his eye about two weeks after his injury; that he made no effort to obtain compensation for the reason that he had been informed that the trouble with his eye was due to cataract, and hence he thought the same was not compensable. At the hearing before the commission in April, 1933, the question of whether the loss of vision in the left eye was a result of the accident sustained by the respondent on August 9, or 12, 1929, was thoroughly considered, and the evidence of the petitioner to the effect that it was due to disease was also heard and considered. The testimony before the commission at the hearing in May, 1935, was substantially the same as that adduced at the prior hearing in April, 1933. It is conceded that there was no change in condition of the respondent since the previous hearing before the commission. The petitioner assigns numerous specifications of error and argues them under four separate propositions. However, as we view the record, it is only necessary to consider one proposition, and that is the effect of the commission's order of April 21, 1933.

In this case the respondent claims compensation for multiple injuries arising out of two accidents; that the commission has jurisdiction and authority to hear such claims and to award compensation for such injury is well established, the general rule in such situation being announced in Fox v. Brown, 176 Okla. 201, 55 P. (2d) 129:

"In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, it is presumed that the injuries not mentioned have not been considered and determined. The commission can thereafter consider and determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman has sustained a change of

condition. E. G. Fike Co. v. Vice, 158 Okla. 243, 13 P. (2d) 143; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906; U. S. F. & G. Co. v. Harrison, 125 Okla. 90, 256 P. 752."

At the hearing held by the commission in April, 1933, the respondent came clearly within the rule announced in the above decision, and the commission then had power and authority to award the respondent compensation for his eye injury if they found that the same was due to a compensable accident, or to deny such award in the event they should find that it was not compensable. In the application of the respondent he sought solely a determination by the commission of a specific disability, to wit, the injury to his left eye. The testimony and evidence of all of the parties was directed to this issue, and the cause was submitted to the commission for its determination. Under these circumstances it was the mandatory duty of the commission to either award or deny compensation as the facts and evidence before it might warrant. See Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. (2d) 185. It appears from the order of April 21, 1933, that the commission fully understood its duty and responsibility in this connection, and that the order was based upon the evidence, files and on the record, and that while the language used in the order was to the effect that claimant's motion to reopen on change of condition be overruled, the purpose, intent, and effect of the order entered was to deny respondent's claim for compensable injury on account of his eye. The motion of respondent together with the exhibit attached thereto, the evidence had before the commission thereon, and all of the proceedings in connection therewith, lead to the inevitable conclusion that the parties considered and treated the proceeding not as a motion to reopen for any of the injuries for which compensation had been previously awarded, but rather as a proceeding to determine whether the respondent's eye injury was the result of accident or not. The facts as disclosed by the record in this case are analogous to those presented in the case of Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906, wherein we said:

"While the issue tendered was a change of condition, and we have held that the evidence does not show this, we cannot say that the issue of permanent partial disability had not been adjudicated before December 29, 1932. After the award of February 5, 1931, a motion to reopen and award compensation for the eyes, nerves, head and heart, overlooked in the award of that date, was filed July 14, 1931. Before any recorded action was had upon this motion, a motion to reopen on the ground of a change of condition in the eyes, nerves, head, and heart was filed January 7, 1932. The only record of action upon either or both of these motions is found in an order of July 12, 1933. This order cannot be treated as dealing with a motion upon a ground of a change of condition, for it recites that it is made after considering the record, and no evidence of a change of condition was introduced upon that point. It can be treated logically as going only to the first motion, that is, to award for disabilities overlooked. It is clearly a denial of that motion, based upon the record and pleadings and evidence on file before the commission and considered at that time. Therefore, in our opinion, the question of a permanent partial disability has been adjudicated adversely to the claimant by the order of July 12, 1932, and any change of condition must be shown to have taken place since that date.

"It might be said, in passing, that the order of July 12, 1932, purports to be made 'without prejudice' to the claimant. Under the exercise of the continuing jurisdiction of the commission, it may refuse to pass upon a matter in the absence of the claimant, or it may suspend the making of an adjudication upon the evidence presented to a later date, or for a further hearing, but when it adjudicates a point one way or the other upon the evidence, it cannot in any manner prevent such adjudication becoming final after the expiration of 30 days of nonaction on the part of the claimant."

Since the question in this case presented to the commission in May, 1935, involved no change in condition, but sought to again determine the same issue which was before the commission in April, 1933, we are of the opinion that the commission was precluded from entertaining jurisdiction and was without authority to make the award concerning which petitioners now complain. As said in Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217 (on rehearing):

"From these cases it is apparent that the State Industrial Commission is invested with jurisdiction of a cause before it continuing so long as an issue relevant thereto remains to be adjudicated, but when an issue is adjudicated, that particular matter, and that only, together with all matters necessarily adjudicated thereby, becomes final following the 30-day period provided in the act, and thereafter the commission is without jurisdiction to change its holding on that issue."

Since from what we have said it is apparent that the order of April 21, 1933, constitutes a final order which precludes the commission from making the award now under consideration, it is unnecessary that we discuss any of the other questions raised by the petitioner herein.

The award of the commission is vacated.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.