### PHILLIPS PETROLEUM CO. v. LANE et al.

No. 27761.   Dec. 6, 1938.

Rehearing Denied Jan. 24, 1939.

R. G. McKinney and E. L. Routh, for petitioner.

Williams, Montgomery & Williams, Major J. Parmenter, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award made by the State Industrial Commission on the 27th day of January, 1937, in favor of Dale H. Lane. The order is in part as follows:

"That heretofore and on the 13th day of January, 1936, this commission made its order, finding that claimant sustained an accidental injury to his back and left leg and ordered the respondent to continue compensation for temporary total disability and tender claimant further reasonable and necessary medical treatment; that respondent complied with said order and paid compensation until July 16, 1936, and on August 6, 1936, respondent filed its motion to discontinue compensation as of July 16, 1936, and said motion was sustained by the commission in its order of November 12,

1936, filed November 14, 1936, and in addition thereto, the commission awarded claimant compensation for 35 per cent. permanent partial disability to the left lower leg, leaving the permanent disability to the back open for further proof.

"2. The commission finds that claimant has sustained a permanent partial disability to his back, as a direct result of said accidental injury and by reason thereof, he now has no wage-earning capacity.

"3. That by reason of claimant's permanent partial disability, aforesaid, and the reduction in his wage-earning capacity as a direct result thereof, claimant is entitled to sixty-six and two-thirds percentum of the difference between his average daily wage at the time of the accidental injury and his wage-earning capacity, thereafter, payable during the continuance of such permanent partial disability, but not to exceed three hundred weeks."

This order states the facts as to the prior order. The parties will be referred to as petitioner and respondent. The order of January 13, 1936, corrected an order dated December 30, 1935. After the order of December 30, 1935, and the corrected order of January 13, 1936, on August 5, 1936, petitioner filed form No. 16 notifying the State Industrial Commission that the payment of compensation had been suspended, in which notice it was stated that the respondent had recovered from his injury and was in need of no further medical attention. Attached to this notice was a letter from Dr. M. Karesek dated July 3, 1936, stating that Dale H. Lane was examined July 10, 1936, and that he had recovered from his alleged injury of November 19, 1934, and that he should have been doing some work and that he was in need of no further medical attention as a result of said alleged injury. Notice was given of a hearing to be held October 30, 1936, at Oklahoma City, Okla., after which the State Industrial Commission entered its order of November 12, 1936, awarding compensation for the leg injury only.

On November 25, 1936, respondent filed a motion to vacate the award, to which petitioner filed a counter motion and on the 10th day of December, 1936, the State Industrial Commission entered an order denying the application to vacate the award of November 12, 1936. The result, therefore, was to leave in force the order and award of November 12, 1936.

On December 19, 1936, the respondent filed his motion to reopen for an additional award for the back injury. Due notice was given of a hearing for January 13, 1937.

Petitioner filed a motion to quash and hold for naught the motion to reopen filed December 19, 1936. On the 26th day of January, 1937, the matters were heard before Chairman Mat McElroy, at Oklahoma City, Okla.

The petitioner first makes the contention that the order and award of the commission dated November 12, 1936, was a final adjudication of all questions at issue, and thereafter the commission was without power or jurisdiction to review such order and award further compensation except on the ground of a subsequent change in condition.

The second proposition is that:

"The question of fact presented at the hearings had prior to. the order of November 12, 1936, was whether or not disability of claimant other than to his left leg and temporary total disability incident to the injury to said leg was caused by the accidental injury which occurred on November 19, 1934."

When the corrected order of January 13, 1936, was entered, the State Industrial Commission had before it the following facts. Respondent was injured when a ladder fell from under him and he was thrown violently to the floor, sustaining admittedly a broken leg. He filed his claim on April 26, 1935, alleging that his leg was broken and his back injured. The attending physician's report of May 4, 1935, disclosed this back injury. On May 9, 1935, petitioner filed with the State Industrial Commission the following on Form 18:

"Comes now the respondent, Phillips Petroleum Company, and admits that claimant, Dale H. Lane, fractured his left leg on November 19, 1934, but denies that he injured his back. Further admits that medical attention was provided and has never been denied claimant, that compensation was started, the first payment thereof being by check dated December 12, 1934, and the last payment by check dated May 1, 1935, and in the total amount of $380.75, said sum being subject to correction depending on the legal rate of compensation due claimant.

"Respondent calls attention to the physician's report filed in this case, being that of Dr. M. Karasek, dated April 29, 1935, in which he answers to the question 'Is he able to attend to any part of present or any other occupation?' 'Yes,' and makes the same a part hereof, and requests your Honorable Commission to set the case on the next Pawhuska docket."

At the hearing in Pawhuska, July 25, 1935, petitioner in the same or similar

terms renewed its denial of a back injury. The order for temporary total disability found the nature of the disability to be left leg broken and a back injury. It will be seen by reference to the testimony taken July 25, 1935, and subsequent thereto that the State Industrial Commission **considered** both the disability arising from the broken leg and the back injury. Subsequent to the order of January 13, 1936, there was the hearing of October 20, 1936. By reference to that testimony it will be seen that the State Industrial Commission considered both the injury to the leg and to the back. The same is true of the testimony taken at the hearing August 30, 1936, at Oklahoma City, Okla. Subsequent to these hearings the commission entered its order of November 12, 1936.

The objection of the petitioner was made to the jurisdiction of the State Industrial Commission to make any further award and that objection at all times has been properly saved. The sole question is a legal one. Does the fact that in its order of November 12, 1936, the State Industrial Commission entered an award only for the leg and left out any reference to the back injury preclude the State Industrial Commission from granting a further award at a later date for the back injury? It is urged that the respondent knew he had been denied any award for a back injury when he filed his motion to vacate the award of November 12, 1936. We are of the opinion, and hold, that if the respondent reached the legal conclusion that the award of November 12, 1936, precluded him from claiming an additional award, it would be at the most a mistake of law, if as a matter of law the State Industrial Commission had a right to make a further award. As to whether the respondent believed on November 25, 1936, the commission could not make a further award would have no bearing on the right to make such award. It is the contention of petitioner that this case comes within the rule announced by this court in Texas Co. v. Atkinson, 178 Okla. 480, 62 P.2d 1204; Fox v. Swift & Co., 180 Okla. 252, 68 P.2d 508; while it is the contention of the respondent that it comes within the rule of Fox v. Brown, 176 Okla. 201, 55 P.2d 129; E. G. Fike Co. v. Vice, 158 Okla. 243, 13 P.2d 143; Boardman & Co. v. Clark, 166 Okla. 194, 26 P.2d 906; U. S. Fidelity & Guaranty Co. v. Harrison, 125 Okla. 90, 256 P. 752. We are of the opinion that the case is clearly distinguishable from the rule announced in the two former cases. In Fox v. Swift & Co., supra, this court held that a finding

for temporary total disability for a specific period necessarily precluded a finding of any greater total temporary disability. No "specific" and "other cases" injuries were involved. The opinion in Texas Co. v. Atkinson, supra, was based upon the theory that the claimed kidney infection was the single issue presented to the State Industrial Commission, and it having been once determined that it was not a compensable injury, it could not be relitigated. In Fox v. Brown, supra, we said:

"The petitioners also urge that the determination of the amount of compensation under the 'other cases' clause as made in the order of April 17, 1933, precluded the awarding of additional compensation for specific injury at a later date, even though the first order was silent upon whether compensation for the specific injury should be awarded or denied.

"The question presented would be entitled to grave consideration and careful analysis if it had not already been decided by this court adversely to the contention of the petitioners. In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, it is presumed that the injuries not mentioned have not been considered and determined. The commission can thereafter consider and determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman had sustained a change of condition."

It is urged that Sinclair Prairie Oil Co. v. State Ind. Commission, 178 Okla. 375, 62 P.2d 1027, is contrary to the rule announced in Fox v. Brown. We do not so construe that authority. Therein an application for disability to the eye was presented and denied and the order became final. This court held that it could not be again presented.

Finally it is urged that the record contains no competent evidence to support a finding of change in condition subsequent to November 12, 1936. Under Fox v. Brown, supra, and the foregoing authorities, the State Industrial Commission has jurisdiction to award for the disability without a change in condition. It is not urged that there is no competent evidence that there was a disability to the back which resulted in a decrease in earning capacity after the date of the accidental injury. It is admitted in the brief that Dr. Phil White

testified for the respondent October 30, 1936, and then stated that his back condition was permanent and that respondent was disabled permanently by reason of the accident and incapacitated to perform ordinary manual labor; that Dr. Moore testified that respondent had a permanent partial disability to the back which he declared to be 60 per cent. Although the percentage of disability is not the test of a right to award in the "other cases" classification, Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180, and such award is to be based upon a decrease in earning capacity, since the petitioner does not raise the sufficiency of evidence to sustain the finding of a decrease in earning capacity since the date of the accident, in view of the record we conclude that there is competent evidence to establish that he sustained an injury to his back which resulted in a decrease in earning capacity. Manahan Drilling Co. v. Wallace, 179 Okla. 613, 67 P.2d 1; Westgate Oil Co. v. Matthews, 176 Okla. 346, 55 P.2d 1043.

Under those authorities and the principle announced therein, if it was the intention of the petitioner to contest the fact that the respondent suffered a decrease in earning capacity from and after the date of the accidental injury, it should have made that fact known at the hearing. In the absence of such contest the statements of physicians and the respondent that he was incapacitated for work is sufficient. Petitioner chose to rely upon the theory that it was necessary to establish a change in condition subsequent to the order of November 12, 1936. We find competent evidence in the record to sustain the finding of the State Industrial Commission.

We believe the above authorities fully establish the right of the Industrial Commission to award the respondent disability for the back injury in the case at bar.

The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur. WELCH and GIBSON, JJ., dissent. DANNER, J., absent.

GIBSON, J. (dissenting). I do not agree with the majority opinion. After successive hearings the commission, on January 13, 1936, found that the employee had sustained accidental injury to his back and left leg as claimed, and ordered the employer to continue compensation for temporary total disability. This order was complied with until July 16, 1936, and on August 6th, that year, the employer filed its motion to discontinue compensation as of July 16th, on the ground of complete recovery of the employee.

At a hearing had on the aforesaid motion, and after hearing considerable evidence as to the status of the employee's multiple injuries, and pursuant to a stipulation of the parties worded as follows: "It is stipulated and agreed that his temporary total disability ended as of July 27, 1936, and it is now on to determine the claimant's permanent partial disability", the commission on November 12, 1936, entered the following order:

"Now on this 12th day of November, 1936, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Pawhuska, Okla., Oct. 20, 1936, before Chairman T. B. Lunsford, on respondent's motion to suspend compensation as of July 16, 1936, at which hearing the claimant appeared in person and Edgar G. Theus appearing for Leo Williams, claimant's attorney, the respondent being represented by Routh & McKinney, the subsequent hearing at Okla. City, Okla., October 30, 1936, before Chairman T. B. Lunsford, the claimant appeared in person and by his attorney, Leo Williams, the respondent being represented by Routh & McKinney, and the Commission after reviewing the testimony taken at said hearing, examining all the records on file and being otherwise well and sufficiently advised in the premises, finds:

"1. That respondent's motion to suspend payment of compensation as of July 16, 1936, should be sustained.

"2. That as a result of said accidental injury the claimant has sustained a 35 per cent. permanent partial loss of use of the left lower leg.

"The Commission Is of the Opinion: That upon consideration of the foregoing facts that claimant is entitled to 52½ weeks' compensation at the rate of $14.04, comweek, or the sum of $737.10, on account of the 35 per cent. permanent partial loss of use of the left lower leg.

"It Is Therefore Ordered, That within fifteen days from the filing of this order the respondent pay to the claimant the sum of $245.70, being 17 weeks and 3 days compensation at the rate of $14.05. computed from July 16, 1936, to November 1, 1936, and continue paying compensation at the rate of $14.04 until the total sum of $737.10 has been paid for the 35 per cent. permanent partial disability to the left lower leg.

"It Is Further Ordered: That $147.42 is a reasonable attorney fee for Leo Wil-

liams, claimant's attorney, for legal services rendered in said cause, same to be paid out of the compensation heretofore paid claimant.

"It Is Further Ordered: That within thirty days from the filing date of this order the respondent file with the commission receipts or other proper reports evidencing compliance with the terms of this order."

More than 30 days thereafter, December 19, 1936, the employee filed his pleading denominated "motion for hearing", wherein he alleged that the order of November 12, 1936, mentioned only the leg injury, leaving, therefore, all other disability open for further determination, and asking that the commission proceed to make determination of his total disability other than that of his leg.

The employer made timely resistance of this motion and vigorously objected to the jurisdiction of the commission to further hear the case. However, the commission assumed jurisdiction of the matter and found that the back injury remained an open question after the order of November 12th, and proceeded to enter the order now under review, finding that the employee had sustained permanent partial disability to his back as a result of the original injury.

The question of change of condition of the injured employee does not enter this proceeding. No such contention is advanced. The controversy is centered entirely upon the proposition whether the order of November 12, 1936, became final as to all claims of the employee. If the same was a final order as to all questions of disability, the employee's only remedy lay in a review thereof by this court. Section 13363, O. S. 1931, 85 Okla. Stat. Ann. sec. 29; Concho Washed Sand Co. v. Worthing, 166 Okla. 105, 26 P.2d 415. In this the employer assumes the affirmative position, and asserts that the order of November 12th became final as to the multiple injuries.

On the date the last-mentioned order was entered, the former order of the commission awarding compensation for temporary total disability for both the leg and the back was in force. The aforesaid motion of the employer was interposed for the purpose of suspending future payment of that compensation by reason of the alleged recovery of the employee. In view of that motion, the evidence taken thereon and the above-mentioned stipulation, the commission was charged with the duty of determining whether the employee had suffered permanent disability, the extent thereof, and of making a suitable award. The issue as to whether there was such disability was raised by the aforesaid motion of the employer wherein it is charged that "the claimant has recovered from his injury and is in no further need of medical attention." Therefore, the question whether the employee had recovered from his multiple injuries was placed squarely before the commission, and, after hearing and considering sharply conflicting testimony concerning the present status of the injuries, especially that to the back, the commission entered its order of November 12th, aforesaid, holding:

"1. That respondent's motion to suspend payment of compensation as of July 16, 1936, should be sustained.

"2. That as a result of said accidental injury the claimant has sustained a 35 per cent. permanent partial loss of the use of the left lower leg."

The employer contends that this order sustaining its motion constituted a direct adjudication of the issue pertaining to the disability arising from the back injury.

I agree with the employer's contention. The sustaining of the motion constituted a direct finding upon all the issues of fact raised thereby; and all those issues were resolved in favor of the employer, except such issues as were specifically decided in favor of the employee. The motion sought the commission's ruling upon the present status of all injuries for which the employer was then paying compensation. Those were injuries to the back and to the leg. We are to presume that an award when made is based upon all the evidence submitted to the commission. Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P.2d 411. With all the facts before the commission, it was its duty to either award or deny compensation for permanent disability to the back (Sinclair Prairie Oil Co. v. State Industrial Commission, 178 Okla. 375, 62 P.2d 1027); we believe the commission fulfilled its duty in this respect and, rightly or erroneously, according to the evidence, denied compensation for the back injury.

In the last-cited case, where the employee had filed a motion to reopen a case for the purpose of determining the extent of permanent disability to an eye, this court, in speaking of the effect of the commission's order denying the motion after hearing all the evidence as to the eye injury, said that such order was equivalent to denying the claim for compensable injury to the eye and that such order constituted a final ad-

judication of the matter in the absence of timely proceeding for review.

Conversely, when a motion is sustained, the order is an adjudication of all the issues raised thereby.

The employee says that the order of November 12, 1936, was silent as to the back injury and was therefore not an adjudication of that issue. He attempts to sustain this position and the order here reviewed by the rule stated in Meador & Whitaker Co. v. Davis, 177 Okla. 387, 60 P.2d 753, as follows:

"In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, it is presumed that the injuries not mentioned have not been considered and determined. The commission can thereafter consider and ·determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman had sustained a change of condition."

This case followed Fox v. Brown, 176 Okla. 201, 55 P.2d 129.

The rule relied upon is not applicable to the circumstances present in the instant case. The order of November 12th was not silent as to the back injury. It specifically sustained the position taken by the employer in its motion, namely, that the employee had recovered from all injuries for which compensation was then being paid, with the exception that the position was not sustained with reference to the leg injury. This was a positive holding that the employee had recovered from the back injury. As was the holding in the Sinclair Prairie Case, above, sustaining the motion after considering the evidence submitted upon the issues thereby raised, was an adjudication of those issues adversely to the employee.

In view of the fact that the order of November 12, 1936, had become final, the commission was without jurisdiction to enter the order of January 27, 1937, and I am of the opinion the award should be vacated.

I am authorized to say that Mr. Justice WELCH concurs in these views.