Johnnie Washington ROBERTS, Petitioner,

v.

TWAY CONSTRUCTION COMPANY et al., Respondents.

No. 47106.

Supreme Court of Oklahoma.

Oct. 29, 1974.

Rehearing Denied Dec. 17, 1974.

Harry R. Palmer, Jr., William S. Murphy, Jr., Oklahoma City, for petitioner.

A. G. Crowe, Oklahoma City, Larry Derryberry, Atty. Gen., for respondents.

SIMMS, Justice.

This is an appeal to review an order of the State Industrial Court denying a claim for additional compensation. The trial court held it lacked jurisdiction to adjudicate further claims arising from the same accident after a Joint Petition settlement had been agreed on by the parties and approved by the Court. The order of denial was affirmed by the State Industrial Court on en banc appeal.

Claimant was injured while employed by respondent on August 16, 1971, when a ditch caved in and buried him chest deep. Claimant was taken home, then removed to McBride Clinic for examination and treatment by Drs. D. and B. Claimant was treated for facial abrasions and a small eyebrow laceration. An x-ray examination of his right knee was negative, but claimant was suffering pain from extension and flexion of the knee. He was advised to go home, apply ice packs to the knee, and remain mildly active.

Following the injury, claimant returned to the clinic on eight occasions with complaints of low back pain. He was treated by injections, oral medication, and therapy. There was no further treatment for the alleged knee injury until 1973.

Claimant filed his Form 3 Claim for Compensation in the State Industrial Court on October 11, 1971, listing the nature and extent of his injury as "facial lacerations, back and knee."

On February 2, 1972, the Court, after hearing evidence, approved a Joint Petition settlement agreed to by claimant, respondent, and insurance carrier.

The Joint Petition Settlement agreed to by petitioner and respondent, and approved by the Court, recites in part:

"Claimant alleges that on or about said date he sustained an accidental personal injury arising out of and in the course of said employment as follows: *Back injury.*

\* \* \* \* \* \*

"Claimant hereby agrees to accept in settlement of all claims against the respon-

dent and insurance carrier . . . which claimant now has or may hereafter have as a result of said injury."

The hearing on joint petition for final settlement was held February 2, 1972. Only the medical reports of Dr. D. and Dr. M. relating to claimant's back injury were introduced in evidence. The trial judge approved the joint petition settlement for $285.00.

In January, 1973, claimant was examined by a physician (Dr. D.R.B.) upon basis of history of injury, treatment without relief, and worsening condition within six months prior to examination. The lumbo sacral spine showed degenerative change compatible with age. Medication with absolute bed rest was prescribed with indicated possibility of myelogram. Claimant was hospitalized February 13, 1973, for myelogram which disclosed wasting effect of lumbar spine. Subsequent surgery was performed for removal of bulging disc, and claimant was dismissed, although continuing to complain of pain. No evaluation of disability was made.

Claimant also underwent psychiatric examination from Dr. M.P.R. on March 23, 1971. Claimant gave the Dr. the history of his injury, and outlined the treatment and surgery. Claimant complained the pain in his right leg and knee had persisted since the accident. Claimant also related he had suffered sleeplessness, irritability, and continuing need for medication to alleviate pain. The doctor reported claimant to be totally disabled by reason of severe psychoneurosis of hysterical type, associated with and caused by the symptoms of the injuries which were induced by the accident.

In April, 1973, claimant moved to reopen his case. A hearing on the motion was held on May 14, 1973, in which claimant offered all the prior medical evidence. In addition, claimant testified concerning the injury to his knee and the development of the extreme nervous condition. Respondent objected to the testimony alleging the entire case had been settled by the Joint Petition. The testimony was permitted and claimant moved for amendment of his Form 3 to conform to the proof. The trial judge allowed the amendment over respondents' objection that claimant was seeking to recover for additional injuries which were barred by the statute of limitations.

On November 13, 1973, after hearing before another trial judge, the case was dismissed on the grounds of lack of jurisdiction in view of the prior settlement on joint petition. The Court en banc affirmed. Claimant filed his Petition for Review with this Court.

The issue to be determined on review is where a final order has been entered by the State Industrial Court pursuant to a joint petition for settlement for "back injury" resulting from an accident, can the case be reopened to determine whether other injuries allegedly suffered in the accident are compensable.

Petitioner claims the joint petition settlement only prevents further recovery for back injury. Respondent contends the joint petition settlement covers all injuries resulting from the accident.

Respondent cites cases for the general rule that in the absence of fraud, no means exist by which to set aside a final order after the time for appeal has expired. Willett v. State Industrial Court, 129 Okl. 101, 263 P. 664; Malone v. United Zinc & Smelting Corp., 175 Okl. 643, 54 P.2d 360; Cavender v. Wooford Drlg. Co., 190 Okl. 291, 123 P.2d 261; Gibbins v. Indian Elec. Co-op., Inc., 203 Okl. 187, 219 P.2d 634. Each of these decisions applied the rule that no method is provided by statute, now 85 O.S.1971, § 84, by which a final order may be set aside after expiration of time for appeal. None of these decisions, however, involved application of the rule to a case involving claim for multiple injuries which is settled by joint petition directed at a single injury.

Under the circumstances of the instant case, the controlling inquiry is whether the joint petition settlement encompasses all the injuries caused by the same accident or

merely precludes claim for additional compensation for the specific injury mentioned in the settlement.

We are of the opinion the joint petition settlement, particularly in view of the medical evidence before the trial judge, only covered settlement for the back injury and did not constitute settlement for other injuries allegedly sustained in the accident.

The words "said injury" in the Joint Petition refer not to the accident itself, but to the "Back Injury" listed above. No other injuries are mentioned in the Joint Petition which, on its face, is merely a settlement for the back injury portion of the Form 3 petition.

Our holding is supported by this Court's decision in Oil Capital Sheet Metal Works v. Robinson, Okl., 447 P.2d 438 (1968), where we recognized the principle that, in cases involving multiple injuries from the same accident, res judicata and estoppel by receiving payment for a first award did not divest State Industrial Court of jurisdiction to enter a second award for injuries not included in the first award. That decision cited *Meader* and Whitaker v. Davis, 177 Okl. 387, 60 P.2d 753, and quoted:

> "The fact that when compensation was first awarded it was only for the arm injury did not preclude the commission from making a later additional award for the results from a back injury, as possibly the latter had not developed when that hearing was held. In Fox v. Brown, 176 Okl. 201, 55 P.2d 129, 130, we held that: 'In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, *it is presumed that the injuries not mentioned have not been considered and determined.* The commission can thereafter consider and determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman has sustained a change of condition.' "

We perceive no controlling distinction between a final order which awarded compensation for a single injury without any finding respecting other injuries, and a joint petition settlement approved by a trial judge after consideration of medical evidence concerning only one of multiple injuries resulting from the same accident. The State Industrial Court has jurisdiction to hear and determine the claim for additional compensation based upon other injuries, as to which no finding has been made. Oil Capital Sheet Metal Works v. Robinson, *supra.*

Order vacated and cause remanded to State Industrial Court with directions. to hear and determine compensation, if any, for injuries not considered in joint petition settlement.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, BARNES and SIMMS, JJ., concur.

HODGES, LAVENDER and DOOLIN, JJ., dissent.

Rehearing Denied Dec. 26, 1974.