## GILLILAND OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 19585.   Opinion Filed Dec. 31, 1928.

Keaton, Wells, Johnston & Barnes, for petitioners.

Holcombe & Lohman, H. M. Curnutt, Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

RILEY, J.   This is a proceeding to review an order and award of the State Industrial Commission directing compensation to E. D. Bibb against the petitioners, for injuries received while in the employ of the Gilliland Oil Company.

The finding and judgment of the Commission was as follows:

"1.   That on and prior to November 2, 1926, claimant was in the employment of the Gilliland Oil Company and was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2.   That in the course of and arising out of his employment, claimant, on November 2, 1926, sustained an accidental personal injury as a result of which claimant was totally disabled from the date of said injury to December 1, 1926, from which date to February 23, 1927, claimant was paid wages for labor performed.

"3.   That on February 23, 1927, and by reason of the aforementioned injury, claimant was totally disabled and unable to perform ordinary mechanical and manual labor and was so disabled on October 17, 1927.

"4.   That the average wage of claimant at the time of his injury was $130 per month.

"The Commission is of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18 per week from November 7, 1926, to October 17, 1927, less the period of 3 months from December 1, 1926, to February 23, 1927, for which claimant drew wages, and less any sum or sums heretofore paid as compensation in this case, and continue thereafter during the period of claimant's disability.

"It is, therefore, ordered that within ten days from this date respondent, Gilliland Oil Company, or its insurance carrier, Travelers· Insurance Company pay to claimant E. D. Bidd the sum of $666, same being 49 weeks compensation computed from November 7, 1926, to October 17, 1927, less the time for which claimant drew wages and less any sum or sums heretofore paid as compensation

in this case, and continue the payment of compensation thereafter at the rate of $18 per week for and during the period of claimant's disability, or until otherwise ordered by the Commission."

Error is assigned as follows:

"1. In that said award is not supported by the record or evidence in that the proof substantially shows that on October 17, 1927, claimant had substantially recovered and there is not substantial evidence to show total disability provided for in the award.

"2. In that such disability as the claimant suffered in October of 1927, did not arise out of or in the course of employment. It was a disease in the nature of infantile paralysis.

"3. In that compensation upon said complaint was fully settled and the cause of action was closed by agreement and stipulation filed with the Commission and substantial proof was not produced showing change of condition."

The first and second assignments of error involve questions of fact decided by the Commission. There is sufficient evidence to support those facts as found.

Under the settled rule, where there is competent evidence reasonably tending to support the findings of fact by the Industrial Commission, the same will not be disturbed upon review by this court.

The testimony shows that Bidd was an "oiler" about the plant of the Gilliland Oil Company; that in the operation of the plant there was a shaft or line about 20 feet in length with clutches on it. This shaft revolved rapidly. It was claimant's duty to throw the belt in connection with the shaft. In doing so his clothing was caught and he was pulled against the shaft and whirled around it. He was struck and picked up from the floor and given medical attention. He was injured seriously and partially paralyzed. He tried to return to work, but was unable to perform any manual labor. He had a wasting of his left leg. Dr. McBride testified (R. 129):

"A. I believe he has traumatic atrophy from disuse of his limbs. Q. When you speak of traumatic atrophy, what do you mean by the term traumatic? A. I mean some injury or some blow sustained which has caused disuse and inactivity of his limb."

Witness' testimony is further that claimant is unable to perform manual labor, and that in his judgment claimant did not have infantile paralysis.

Petitioners say:

"There is some adverse evidence, but we submit that upon a careful, fair analysis of same it is to show that this adverse testimony is simply conclusions based upon a brief and cursory examination and these conclusions are stated mostly as a matter of general estimate rather than as being founded upon careful study and analysis."

But it appears that the evidence adverse to petitioners was of a substantial character and coming from experts. The Commission elected to be governed thereby. This court is thereby bound.

The third assignment of error concerning change of condition is likewise dependent upon fact. The rule is settled that an award may be reviewed, at any time, by the Commission upon its own motion, or upon the application of any party in interest, on the ground of a change in condition. Section 7296, C. O. S. 1921.

Petitioners contend there was not sufficient evidence to show a change in condition, but we find the evidence sufficient, for it shows that claimant returned to work after the accident and on December 1, 1926, and worked until February 23, 1927, during all of which time he grew worse and suffered from his injuries received. So testified R. A. Couch, the engineer in charge of the plant where claimant worked. Claimant was compelled to quit work. He then tried easier work, but failed because of his injury.

Dr. Chase, Dr. Alexander, Dr. McBride, and Dr. Gregory testified from examination that because of atrophy in his left side, including arm to leg, and the effects thereof, claimant was not capable of performing manual labor; that his condition was the result of the injury sustained, and that said injury was permanent.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. pp. 827, 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1766; 7 R. C. L. Supp. p. 1011.