## STURM DRILLING CO. et al. v. STORY et al.

No. 24182. July 5, 1933.

Rehearing Denied Sept. 12, 1933.

Fred M. Mock and Pierce, Follens & Rucker, for petitioners.

J. T. Daniel and J. Berry King, Atty. Gen., for respondents.

PER CURIAM. On August 10, 1922, respondent was injured while in the employ of the Sturm Drilling Company, for which claimant was awarded 200 weeks for the loss of a hand which was amputated at the wrist.

Thereafter, on August 25, 1932, upon petition being filed for that purpose, the Commission reopened the cause and awarded further compensation of 50 weeks, making a total of 250 weeks for the loss of an arm.

It is from the additional award of 50 weeks' compensation that the petitioners have filed their original proceedings to vacate and set aside the award.

In the four specifications of error only two major propositions are urged.

The first is that, more than 500 weeks having elapsed between the date of the accident and the filing of the motion to reopen the said cause, the Commission lost jurisdiction of the subject-matter of said action.

In support of this proposition there is cited the case of Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78.

As is stated by the respondent in his brief, that case did not involve the time element in granting of the award at all, and, in fact, the question of the time of the granting of the two awards is not mentioned in the opinion at all. There are six paragraphs of the syllabus in that case, and all of them deal with the distinction between and the law relating to temporary total disability and permanent partial disability, and the law from which the petitioners herein quote is found at page 128 of 160 Oklahoma Reports, and the award of the State Industrial Commission was vacated. The statement of the court relative thereto is that:

"The award of the State Industrial Commission was for a period not to exceed 300 weeks from 'the 14th day of October, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest'."

The award in that case was made in the face of the fact that payments had been made upon a temporary total disability when there was no such disability and no credit given upon the permanent partial disability, and in ordering the award vacated the court said:

"That award is in violation of the provisions of the act. The act authorizes an award for a period not exceeding 300 weeks That period commences with the beginning of the permanent partial disability. It does not commence with the date of the award. In the instant case the State Industrial Commission was authorized to make an award after the date of the injury in 1926. The fact that the award was not made until 1931 did not vest the State Industrial Commission 'with authority to make an award for a period not exceeding 300

weeks to commence on the 14th day of October, 1931.

"While the claimant was entitled to an award under the 'other cases' provision of the act, he was not entitled to compensation during the four years in which he was working for the petitioner in the same kind of work, for during that period there was no difference between his average weekly wage and his wage-earning capacity in the same employment or otherwise payable.'

In the case at bar the award is made under the statute for a specific injury, and does not arise under the "other cases" provision of the act, but is payable upon the proof of the loss of the arm. The authorities cited by the petitioner, therefore, do not control, and in none of them is it suggested that the time within which an award may be reopened is limited to the maximum of 500 weeks from the date of the injury.

On the other hand, as shown by the cases cited by the respondent herein, our court has held that the case may be reopened at any time. Whitehead Coal Mining Co. v. State Industrial Commission, 86 Okla. 149, 207 P. 305; United States Fidelity & Guaranty Co. v. State Ind. Com., 125 Okla. 131, 256 P. 892; Gilliland Oil Co. v. State Ind. Com., 135 Okla. 21, 273 P. 208; Wilkerson v. Devonian Oil Co., 114 Okla. 84, 242 P. 531; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 P. 750.

The other complaint is that there is no showing of a change in condition and no competent evidence to sustain an award for the total loss of an arm. In this connection it is only necessary to say that there was competent medical testimony before the Commission, and that we have carefully examined the record, and find that there is testimony supporting the award, and it has been the universal rule that where there is competent testimony supporting the award of the Commission, this court will not disturb such award. Amerada Petroleum Corp. v. Williams, 134 Okla. 177, 272 P. 828.

The proposition argued in specification No. 4, that the disability is a new injury for which no notice is given or claim filed, and that it is a result of his failure to have an operation performed, is disposed of by the finding of fact that the loss of the arm arose from a change in the condition of claimant due to the original injury. As to the failure to have performed a simple operation the strong probability of the result of which would be a cure, it is sufficient to state that there is no evidence warranting the assumption that the pe-

titioner ever requested such an operation, or the claimant ever knew or now knows that this was such a simple operation as would effect a cure. In fact, the record discloses that at the time claimant arrived at th' positive conclusion his arm was worthless, it was too late to perform any operation of a corrective nature.

The award is, therefore, affirmed.