**BLACKBURN CONSTRUCTION CO. et al. v. KENNEDY et al.**

No. 28473. March 28, 1939.

Clayton B. Pierce, Truman B. Rucker, and Fred M. Mock, for petitioners.

C. W. Schwoerke, Ross G. Hume, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding before this court to vacate an award rendered February 9, 1938, by the State Industrial Commission to claimant, Kennedy.

On May 3, 1932, Kennedy suffered a compensable brain injury, for which, under prior orders of the commission, he was allowed and paid compensation for total temporary disability.

On October 9, 1933, the commission, pursuant to an executed Form 14, entered its order for a payment "on account of partial permanent disability resulting in a loss of earning capacity."

On August 3, 1937, claimant filed his motion to reopen the cause on a change of conditions. After hearings the commission, on February 24, 1938, upon a finding of a change of condition for the worse that claimant is now permanently and totally disabled, the commission ordered the payment of certain additional compensation.

A review of this latter order is herein sought upon the grounds, in substance, that (1) the commission was without competent proof of a change in condition; and (2) that the order failed to fix the date of such change of condition.

If there is any competent evidence reasonably tending to support the award, the order must be affirmed, subject to a definite finding by the commission as to the date of such change of condition.

While claimant had been examined at various times by different surgeons and specialists, the parties concede that the competent evidence, if any, to sustain the award, must be found in that of witness Doctor Robberson.

This doctor was and had been the personal physician of claimant and his family for years prior to claimant's injury, and it was he who first attended claimant upon the latter's injury. At a hearing had February 16, 1933, this witness testified in effect that claimant was then totally permanently disabled. After the filing of the motion to reopen on change of condition, and on October 6, 1933, this witness, in a letter of that date to claimant's attorney, declared that he was of the belief that claimant was getting better, but that he did not believe claimant "would ever be able to go out and work like he could before he received the injury, as he will always have more than 50 per cent. disability to do hard work."

On September 10, 1937, on hearing on change of condition, this witness testified that he knew claimant's condition "from the time of the injury to claimant up to now." He testified as follows:

"Q. Tell the court what you observed about his physical condition since on or about the 9th day of October, 1933? A. His condition as to the injury has gradually and continuously grown worse from the time of the injury up to today. Q. Will you outline the various things you have observed about his condition that caused you to have that opinion? A. Well, knowing him, watching him, and taking care of him during this time, in the past two years. * * * Q. Tell the court what seems to be his principal trouble, at this time? A. He just absolutely can't handle himself. He is weak and when he gets out, or should be out anywhere, he is liable to get down, and when he gets down it takes two or three men to pick him up."

He testified, further, that he had several such spells of falling in the last two years; that these were caused by the injury. The witness then testified that claimant was not able to work at all, that he stayed around his home, and that it was dangerous for claimant to be out. He testified further:

"Q. Is his condition permanent, is this permanent? A. He is a total permanent, that is my diagnosis and it has been."

The witness was cross-examined as to his testimony at a hearing before the commission in August, 1932 (the transcript before us does not contain testimony of a hearing at that time), and witness was asked:

"Q. I will ask you if you were not of the opinion at that time and did you so testify before the commission, that in your opinion his condition was then a permanent condition? A. Well, I do not recall of testifying it was permanent or not, you have the copy there. Q. I will ask you if this is not a question asked and your answer given, 'Are you in a position to say how long his disability will continue,' and your answer was, 'I can't be positive, my opinion it is permanent'? A. I said that, yes, sir. Q. I will ask if at that time you appeared before the commission, you were then of the opinion 'that the claimant was unable to perform any work whatever? A. I did. Q. And that was your opinion at that time? A. Yes, sir, at that time. Q. And that opinion has never changed since that date? A. It has not."

Petitioners contend that the October 6, 1933, report of Doctor Robberson was not before the commission at the time of its making its order of October 9, 1933, for permanent partial disability. Assuming such to be true, the record is that the settlement of October 9, 1933, was for permanent partial disability, and that when this report was introduced on the hearing on February 24, 1938, on change of condition, the commission had a right to consider that report, indicating witness' opinion as of October 6, 1933, that claimant had more than a 50 per cent. disability, together with all the other competent evidence, in considering whether or not a change of condition had occurred.

Quotation of testimony by claimant himself on hearing on change of condition is here omitted, since the parties agree that such could not be regarded as competent evidence in determining the question now presented.

Doctor Robberson attended claimant from the date of the accident. The opinion of this witness, as of all medical witnesses, is the result of his examination and observation of the patient.

Although this medical witness did testify on February 16, 1933, that he believed claimant permanently totally disabled, the witness did explain in his October, 1933, letter his reasons for his opinion there expressed, that from his observation he believed claimant's condition then improving.

Relying upon the testimony of Doctor Robberson, as the parties do, upon examination of that testimony, we find, as above outlined, that the witness in October, 1933, was of the opinion claimant had become somewhat better and gave his reasons for that opinion. While this doctor's report of October, 1933, was not presented to the commission, the record as to the proceedings at that time being limited to the Form 14, the order of the commission of October 9, 1933, according permanent partial disability compensation, and claimant's receipt therefor, yet, since such medical report was made to claimant's attorney at that time, we may assume that the settlement of October, 1933, was based thereon. Though this witness had previously, and in February, 1933, expressed the opinion that claimant was a permanent total, the change of opinion indicated from February, 1933, to that of October, 1933, is not indicated to have been an oversight, but by reason of the matters and things observed by the witness in the course of treatment and observation of claimant in that intervening time. This witness then testified that claimant's condition had grown gradually and continuously worse from time of injury until the time he was testifying, February, 1938.

In Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P.2d 1082-1084, cited in Barns-

dall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P.2d 1031, it was said:

"Assuming that we have not changed our opinion by reason of an oversight, but by reason of new factors appearing in the condition which could not have been known at the earlier time, we have a real change in conditions. And this is true though at the same time we change our opinion of what the condition was formerly; that is, though we may now see that the condition contained elements of permanency, it has none the less changed from temporary to permanent."

We are unable to say that the commission did not have any competent evidence warranting its finding on February 24, 1938, of a change in claimant's condition.

Petitioners complain that the order being reviewed, though finding a change of condition, fails to fix the date of such change in condition. The order was made on February 24, 1938, and after fixing the amount of the additional compensation, provides that "said compensation to begin from August 13, 1937." The order is indefinite as to the date when the commission found the change to have first existed. The commission should make such finding. See Payne Drilling Co. v. Shoemake, 183 Okla. 10, 79 P.2d 806.

The award is vacated, with directions to the State Industrial Commission to make a proper finding as to the date of claimant's change of condition, and thereafter to enter its award for permanent total disability in accordance with the views herein expressed.

Award vacated, with directions.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.