BEHLING v. FOX RIG & LBR. CO. et al.

No. 29430.    Feb. 13, 1940.

Rehearing Denied Sept. 17, 1940.

Application for Leave to File Second
Petition for Rehearing Denied
Oct. 1, 1940.

*105 P. 2d 532.*

Fred M. Hammer and M. J. Parmenter,
both of Oklahoma City, for petitioner.

Don Anderson and R. O. Wilson, both
of Oklahoma City, for respondent and
cross-petitioner.

CORN, J. This is an original proceed-
ing to review an order and award of the
State Industrial Commission, entered
August 9, 1939, wherein Harry Behling,
hereinafter called petitioner, was award-
ed 15 weeks' compensation at $18 per
week for permanent partial disability,
together with the sum of $125 for perma-
nent disfigurement to his face.

February 26, 1935, petitioner sustained
accidental injuries in the course of his
employment, which were described as:
"broken right wrist, laceration of right
and left legs, laceration over right eye."
The physician's report described peti-
tioner's injuries as follows:

"X-ray of right shoulder shows what
appears to be a sliver torn loose from the
upper portion of the outer end of the
clavicle. X-ray of right hand shows
fracture of the second metacarpal with
lateral bowing shows fracture through
the scafoid. Comminuted fracture with
compression and backward dislocation
of the lower end of the radium. There
is apparently no fracture in the ulna.
Deep laceration over the right eye. Lac-
eration of left leg."

By order of the commission petitioner
was allowed 13 weeks' temporary total
disability at $18 per week for injury to
"claimant's right wrist, left and right
leg and lacerations over the right eye."
Petitioner was released as able to work
June 18, 1935.

A form 14 agreement was approved by
the commission on July 24, 1935, award-
ing petitioner $540, this being 30 weeks'
compensation for a 15 per cent. perma-
nent partial disability to petitioner's
right hand. No testimony was taken re-
garding petitioner's injuries.

On June 9, 1939, nearly five years
later, petitioner filed a "motion for hear-
ing," reciting the previous settlement
and alleging subsequent permanent dis-
ability to his leg, back, eyes, arms and a
change of condition as to his wrist, to-
gether with a permanent disfigurement
to his eye.

Medical testimony in petitioner's be-
half was that there was a 50 per cent.
disability to his arm; disregarding any
disability to his wrist, there existed a 25
per cent. disability to petitioner's arm.
A demurrer to the evidence on the
grounds petitioner's rights and the com-

mission's jurisdiction were barred by the statute of limitations was overruled. Thereafter the commission entered the following order (quoting only the pertinent portion):

"That as a result of the aforementioned accidental injury claimant suffered in addition to the permanent partial disability of the right lower arm, 30 per cent. permanent partial disability to the right upper arm, and is entitled to 15 weeks, being 30 per cent. of the 50 weeks for the upper arm. The Oklahoma Workmen's Compensation Act provides 200 weeks for the lower arm and hand (being from the elbow down) and 50 weeks for upper arm, or 250 weeks for the arm and hand."

It first becomes necessary for us to determine whether the first award for the arm injury was res adjudicata as to the entire arm. We are of the opinion this must be answered in the affirmative.

Section 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22, subdivision 3, provides the compensation for permanent partial disability of an arm shall be 250 weeks. Nowhere in our statutes is there any provision for the making of a fractional award, i. e., an award for an "upper arm" and a "lower arm." Disability is to be based on the loss, or loss of use, of the entire arm.

When the award made July 24, 1935, was entered, fixing the petitioner's disability at 15 per cent. permanent partial disability to his arm, this was an adjudication of petitioner's claim. As pointed out in Boardman & Co. v. Clark, 166 Okla. 194, 26 P. 2d 906, when the commission adjudicates upon a point, it cannot prevent such adjudication from becoming final after expiration of 30 days, if not appealed from. The adjudication as to the disability to petitioner's arm became final, since not appealed from, and the commission had no jurisdiction to make a further adjudication as regarded the arm injury, except for change of condition. See Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. 2d 7; Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. 2d 1082.

The question next arises whether the award could be sustained on the basis of a showing of a change of condition to petitioner's arm. Where an award has been entered for temporary total disability, there is no need to establish a change in condition in order to reopen the matter. Croxton & Bucklin et al. v. Buchanan et al., 170 Okla. 170, 39 P. 2d 91; Fox et al. v. Brown et al., 176 Okla. 201, 55 P. 2d 129. However, where there has been an adjudication of permanent partial disability, a showing of change in condition is necessary.

We have recently held in Earl W. Baker & Co. et al. v. Morris et al., 176 Okla. 68, 54 P. 2d 353, that the commission is without jurisdiction to reopen any cause upon an application based upon a change in condition, when the application is filed subsequent to the period of time for which the condition, as changed, would have been compensable if it existed when the original award was made.

Applying this rule to the instant case, it is clear petitioner's claim was barred. The prior award was entered July 24, 1935. Viewing this matter in its most favorable light, let us assume petitioner had a 50 per cent. disability to his arm, for which an award of 125 weeks could have been made. Petitioner would have had 125 weeks from July 24, 1935, in which to assert his claim for a change in condition, and simple calculation shows petitioner's rights would have become barred December 16, 1937, a year and one-half before petitioner filed his last motion on June 9, 1939.

The award made was for 30 per cent. permanent partial disability on a basis of 50 weeks for the upper arm. Should the award have been based upon 250 weeks for the whole arm, petitioner would have had 83 1/3 weeks after July 24, 1935, in which to reopen his case for change in condition. Upon any proper basis of calculation, it is apparent the right to reopen by reason of a change in condition was barred.

At the time of making the award in question, the commission awarded petitioner $125 for permanent disfigure-

684

ment, by reason of a cut which caused his eyelid to droop. Since at the time of the first award the commission made no finding in regard to this injury, and it was not presented or considered, the commission had authority to make this portion of the award for this injury. For this reason we are of the opinion that the portion of the award which grants compensation for the disfigurement to petitioner's face should be and is sustained.

The portion of the award purporting to grant additional compensation for permanent partial disability to petitioner's arm is erroneous, and is hereby vacated.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. OSBORN, J., absent.