DUNNING-JAMES-PATTERSON et al. v. RICKERT et al.

No. 31985. Dec. 11, 1945.

*164 P. 2d 620.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought to review an award of the State Industrial Commission made upon an application of the injured employee. On the 8th day of February, 1943, Roscoe Henry Rickert, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the petitioner Dunning - James - Patterson when he sprained a ligament in the lower part of his back. He was first paid $90 to and including February 13, 1943, and then temporary disability to and including June 3, 1943, when all payments by the employer and insurance carrier were suspended.

On July 15, 1943, the petitioner filed an application to discontinue payments for temporary disability for the reason that all disability had ended. Hearings were conducted on August 12 and November 8, 1943, and on November 17, 1943, an order was entered discontinuing payments for temporary disability. This order was affirmed January 10, 1944, on appeal to the entire commission. The order in part is as follows:

"That the evidence is insufficient to show claimant sustained any permanent disability as a result of said injury.

"It is therefore ordered by the trial commissioner, That the motion of respondent and insurance carrier to discontinue compensation for temporary total disability as of June 3rd, 1943, be and the same is. hereby sustained, and it is further ordered that the respondent or insurance carrier pay the authorized, reasonable and necessary medical expense incurred by claimant by reason of his personal injury of January 9th, 1943."

On April 13, 1944, respondent filed an application to reopen the proceedings. On the 24th day of August, 1944, an award for permanent disability was entered, and on September 22, 1944, on appeal to the entire commission the order was affirmed.

The petitioners have presented two propositions: (1) A review of the record in this case shows that after a full hearing the question of whether disability, both temporary and permanent, resulting from accident in question existed was fully determined; (2) the finding of change in condition is unsupported by any competent evidence. We shall consider these propositions together.

On the hearings conducted to determine the issue on the first application Dr. Phil White testified that in his opinion the respondent was temporarily totally disabled. Dr. C. W. Robinson supported this testimony. They gave no testimony indicating that there was any permanent disability, for their testimony was urged in support of the contention of the respondent at that time that he was still temporarily disabled. Dr. O'Donoghue and Dr. McBride discounted any temporary disability. Both of them stated that there was no permanent disability. On the hearings conducted to determine the issue prior to the order of August 24, 1944, Dr. Shadid and Dr. White both testified. They gave it as their opinion that both before and after January 10,

1944, the respondent had a permanent disability. Dr. O'Donoghue and Dr. McBride made practically the same statements as had been made at the former hearings.

Respondent asserts that there was nothing before the State Industrial Commission on the hearing on the first application except a motion to discontinue the temporary disability, while the petitioners assert that the respondent filed his application on April 13, 1944, on the specific ground that there had been a change in condition. We are inclined to the view of petitioners on this issue, but in this respect the order made on November 17, 1943, is not clear. We have held that after the temporary disability has ended an injured employee is entitled to a clear and concise ruling upon the question of whether or not he has any permanent disability as the result of the accidental injury (Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779); and the State Industrial Commission at any hearing to determine the disability cannot adjudge that there will be no further disability. Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P. 2d 743. We are inclined to the view, therefore, that before this court is justified in precluding an injured employee from an award for further disability, on the ground that such disability has been determined, it must clearly appear that the question has been formerly determined.

We have held that the State Industrial Commission is authorized to review any award made by it upon its own motion, or on the application of any interested party, upon the ground of change in condition (Sturm Drilling Co. v. Story, 165 Okla. 34, 24 P. 2d 650); and where the question presented is one of fact as to the disability resulting from a change in condition, and where there is any competent evidence to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Sturm Drilling Co. v. Story, supra; Wilcox

Oil & Gas Co. v. Satterfield, 178 Okla. 418, 63 P. 3d 696.

Petitioners rely upon Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. 2d 1082; Payne Drilling Co. v. Shoemake, 186 Okla. 345, 97 P. 2d 881; Sinclair Prairie Oil Co. v. State Industrial Commission, 178 Okla. 375, 62 P. 2d 1027; and Texas Co. v. Atkinson, 178 Okla. 480, 62 P. 2d 1204. All these cases involved an attempt to relitigate questions formerly determined or a claim that another disability not determined resulted from a multiple injury.

Dr. White in his testimony stated that he had examined the respondent both before and after April 13, 1944; that in his opinion there has been a decided change in the muscular alignment in respondent's back. The case at bar has some of the aspects of Blackburn Const. Co. v. Kennedy, 184 Okla. 549, 88 P. 2d 881. Therein this court said:

"In Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. 2d 1082-1084, cited in Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031, 1033, it was said: 'Assuming that we have not changed our opinion by reason of an oversight, but by reason of new factors appearing in the condition which could not have been known at the earlier time, we have a real change in conditions. And this is true though at the same time we change our opinion of what the condition was formerly; that is, though we may now see that the condition contained elements of permanency, it has none the less changed from temporary to permanent'."

There is competent evidence reasonably tending to support the finding that after the temporary disability ended the respondent sustained a change of condition by reason of which he has a permanent disability and that such change occurred after the date of the last award.

The award is sustained.

RILEY, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.