PHILLIPS PETROLEUM CO. v. ANGUISH et al.

No. 33853. July 19, 1949.

Rehearing Denied Sept. 13, 1949.

*209 P. 2d 689.*

Don Emery, Rayburn L. Foster, and R. B. F. Hummer, all of Bartlesville, and Harry D. Turner, Lloyd G. Minter, and G. D. Spradlin, all of Oklahoma City, for petitioner.

Hugh M. Sandlin, of Holdenville, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. Claimant, Frank Anguish, sustained an accidental injury arising

out of and in the course of his employment on May 22, 1946, and the disability resulted from a back injury. An award was entered on the 23rd day of October, 1946, granting 20 per cent permanent partial disability and this award became final.

Thereafter this proceeding was commenced to obtain a further award on the ground of change of condition, and after hearings conducted to determine the nature of the disability the State Industrial Commission entered its order which was affirmed on appeal on the 22nd day of September, 1948, finding that the claimant was in need of, and should be furnished, medical and surgical orthopedic service and treatment and service beyond the 60-day statutory period, and that during such period claimant should be paid temporary total compensation at the rate of $21 per week.

This proceeding is brought to review this order and the single issue is that there is no competent evidence reasonably tending to show that there is a change in condition due to the accidental injury of May 22, 1946. This issue is presented in three propositions. The first is that there is no competent evidence that claimant has undergone a change of condition for the worse subsequent to the order entered on October 23, 1946, so as to necessitate additional medical and surgical orthopedic service and treatment and the payment of temporary total compensation during the period of such treatment. The second proposition is that there is no evidence in the record reasonably tending to support the finding that the claimant has undergone a change of condition subsequent to the last order of the State Industrial Commission; and the third proposition is that there is no competent evidence in the record reasonably tending to support the finding that the claimant's purported change of condition is attributable to the accidental injury involved.

These three propositions shall be discussed together. Dr. Knight and Dr. Pryor testified for the claimant. Both stated that they had recently examined the claimant and were familiar with his physical condition prior to and at the time of his injury of May 22, 1946; that in their opinion he had sustained a further physical change in condition due to a ruptured disc of the spinal column; that in addition the back injury caused a disability to the right leg and further soreness and tenderness to the back area; that in their opinion he had a permanent disability of 50 per cent; that he was also in need or orthopedic surgery and treatment.

The physician for petitioner testified that in his opinion there had been no change in the physical condition of claimant. At the conclusion of the testimony and hearing upon the agreement of the parties involved, the State Industrial Commission ordered Dr. Wilkins to make an examination and report upon the condition of claimant. He filed his report and stated that after examining claimant and after reading the X-rays furnished by Drs. Pryor and Knight, it was his opinion that claimant had no ruptured disc. He did state, however, that in his opinion claimant was in need of further orthopedic treatment. Thereafter, the State Industrial Commission made a separate finding to the effect that claimant was not suffering from a ruptured disc but ordered that he be given further orthopedic surgery and treatment and that during such time he be paid the sum of $21 per week as above indicated.

It is argued that since the State Industrial Commission found upon the testimony of Dr. Wilkins that there was no ruptured disc, there is no competent evidence in the record that there was any disability due to any other injury. With this contention we cannot agree. Petitioner at all times has taken the position that there was no disability resulting from the accidental injury of May 22, 1946. The testimony of Dr. Pryor is that in addition to the disability adjudicated by the order of October 23, 1946, there is a disability ex-

tending into the right leg; that there is further soreness and tenderness in the back region; that claimant needs medical attention. With this statement Dr. Wilkins agrees. This is competent evidence of a change in condition resulting in a physical change for the worse subsequent to the order of October 23, 1946. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

In its final proposition and in the reply brief petitioner argues that neither Dr. Knight nor Dr. Pryor stated definitely that any disability claimant had was due to the accidental injury of May 22, 1946. As stated above it has been the consistent opinion and argument of petitioner that any disability the claimant has is due to disease rather than to any accidental injury. We think this was the issue reasonably submitted to the State Industrial Commission. The testimony of Dr. Pryor and Dr. Knight when reviewed as a whole reasonably tends to indicate that it was their intention to state that the disability that claimant sustained was not due to arthritis as claimed by petitioner, but due to the accidental injury of May 22, 1946. In this connection, see the language used in discussing a similar situation in City of Kingfisher v. Jenkins, supra.

We have repeatedly held that where there has been a change in condition from and after the date of the prior award and there is competent evidence reasonably tending to support the finding of the State Industrial Commission based upon such change, the award, otherwise properly made, will not be disturbed on review.

Award sustained.

DAVISON, C. J., ARNOLD, V. C. J., and LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. GIBSON and HALLEY, JJ., dissent.

HALLEY, J. (dissenting). The medical testimony offered by claimant to show change of condition was by Doctors Pryor and Knight. These gentlemen had treated claimant for the original injury. They assert that claimant now has a herniated intervertebral disc, but the commission found that he did not have. These doctors never attempted to say when this trouble occurred. If it were a part of and at the time of the original injury, no claim could be made now for it. The statute contemplates a change of condition due to the original injury, and not a condition existing when the first award was made.

The provision in our statute which permits an additional award for change of condition places a heavy burden upon the employer, and certainly such an award should be supported by competent evidence. The fact that claimant's doctors now see his injuries a little differently than they did originally does not entitle claimant to an additional award. Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031; Texas Co. v. Atkinson, 178 Okla. 480, 62 P. 2d 1204; White v. Shell Oil Co., 193 Okla. 374, 143 P. 2d 825.

In my opinion there is no competent evidence in the record reasonably tending to support the finding of the commission that claimant suffered a change of condition for the worse subsequent to the order of October 23, 1946. Nor is there such evidence that claimant, by such change of condition, sustained a diminution of ability to perform ordinary manual labor. Brown Brothers v. Parks et al., 176 Okla. 615, 56 P. 2d 883. Neither is there any such evidence that the alleged change of condition is attributable to the original injury. Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. 2d 896.

I respectfully dissent.