NUWAY LAUNDRY COMPANY, an Oklahoma corporation, own risk, Petitioner,

v.

Paul A. HACKER and the State Industrial Court, Respondents.

No. 40424.

Supreme Court of Oklahoma.

June 30, 1964.

McKinney & McKinney, Oklahoma City, for petitioner.

Russell Farmer, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HALLEY, Vice Chief Justice.

Employer appeals from the trial court's decision allowing claimant, on a change of condition, further medical treatment and temporary total benefits during the continuance of his recurrent healing period.

The industrial accident which occasioned this proceeding occurred April 19, 1961, when claimant, then a night watchman on duty at employer's establishment, stepped over an object on the floor and fell forward

striking his right leg. He sustained "a puncture wound" in the mid-shaft of the right tibia over the lateral soft tissue area. Tender soreness developed around the scar and there was numbness on the lateral aspect thereof with vague aching pain extending down the leg. Dr. F, who treated claimant for some three weeks following the accident, reported on May 5, 1961, that he "anticipated" no permanent disability inasmuch as "the patient should make a full and uneventful recovery." Another physician, Dr. B, reporting in June, 1961, acknowledged the presence of a "tender scar in the region of contusion" but could not account for the persistence of tenderness. A month later Dr. B stated that claimant needed no further treatment and had no permanent disability to his right leg. According to Dr. B's evaluation, claimant "had some pre-existing varicose veins which have no bearing on his present problem." This opinion was sharply contradicted by Dr. M, whose letter-report of October, 1961, unequivocally recognizes that "there has been some aggravation of these varicosities by the most recent accident." Dr. M rated claimant's compensable impairment in terms of 10 per centum permanent (partial) disability to the right foot.

The trial tribunal's initial award of October 17, 1961, granted claimant compensation for 7 per centum permanent (partial) disability to the right foot due to his accidental injury to the "tibia of the right leg between the ankle and the knee, which under Workmen's Compensation Law is considered an injury to the right foot."

The proceeding under review had its inception in April, 1962, when claimant applied for further medical treatment on the basis of Dr. M's opinion that he was in need thereof and that "stripping of the veins * * * offers him (claimant) the best opportunity for relief of his present complaints and objective findings." Dr. M was again contradicted by Dr. B who found "this patient's varicose veins have absolutely nothing to do with his complaints." According to Dr. B, "There was no disability in this case and there is none now." The trial judge found an interim change in claimant's condition and a need for additional medical treatment. By order of August 15, 1962, employer was directed to furnish claimant medical care for the correction of his condition "resulting from the accidental injury" and to pay temporary total benefits during the continuance of the recurrent healing period. The order last outlined is submitted here for our review.

According to employer's argument, we "must presume" that the original award to claimant constituted an adjudication confining compensability to that condition which was described in the trial tribunal's finding as an injury to "the tibia of the right leg between the ankle and the knee." The quoted language, employer asserts, operated to exclude as a factor in the range of compensable disability the claimed aggravation of varicosities and to negate any causal relation between that condition and claimant's industrial accident. We are urged on the basis of this argument that claimant was barred from obtaining additional benefits and treatment on a change in varicose vein pathology because that condition had been determined in the original award to be non-compensable.

■ The original award of October 17, 1961, manifestly rests upon the expert opinion of Dr. M. His was the *only* medical evidence which evaluated claimant's condition in the right leg in terms of permanent disability. Dr. M unquestionably viewed the totality of claimant's complaints in the "right lower extremity" as a single, indivisible impairment of function. He neither considered nor evaluated "the puncture wound" separately from the pathology produced by the aggravation of varicosities. There is *nothing* in the trial tribunal's quoted finding to indicate that the language used in describing claimant's injury was intended as a restriction upon the range of his compensable disability. It is not the injury itself but the disability stemming therefrom which forms the basis of an award of compensation. Cranfill v. J. G.

Beard Estate, Okl., 348 P.2d 506, 510. As we view the record, the description of injury quoted above was used merely to show that the impairment suffered by claimant affected solely an area below his knee and was hence compensable on the basis of disability to the foot rather than to the leg. American Tank Co. v. State Industrial Commission, 153 Okl. 117, 5 P.2d 137, 139; Merrick v. Blackman, 201 Okl. 553, 207 P.2d 942, 943.

■ An injured workman may not be foreclosed from additional benefits of the Workmen's Compensation Act on the theory that he is barred by a prior, adverse and final order, unless it clearly appears from the record that the issues tendered in the subsequent proceeding are concluded by the trial tribunal's former determination. Dunning-James-Patterson v. Rickert, 196 Okl. 237, 164 P.2d 620, 622; Gleason v. State Industrial Court, Okl., 371 P.2d 89, 91. In the instant proceeding, the State Industrial Court did not determine by its original award that claimant's alleged aggravation of varicosities was unrelated to the accident. In the absence of a clear determination of non-compensability claimant cannot be barred from further benefits on a change affecting the varicosities if such change be shown to result from their accidental aggravation. See, Parsons v. State Industrial Court, Okl., 372 P.2d 27, 30; Gleason v. State Industrial Court, supra; Dudley v. Major Construction Company, Okl., 345 P.2d 881, 885.

■ Aside from its lack of support in the record, employer's argument is untenable for quite another reason. The asserted aggravation of varicosities did not constitute in this case an injury separate from other trauma but was merely a factor in the evaluation of the extent of disability from the impact of a single injury to the tibia below the knee. However, if the aggravation were deemed a distinct injury upon which the law required a separate finding, then the disability from the varicose vein pathology would remain undetermined and the trial tribunal would be free to adjudicate that condition without a show-

ing of a change in condition. Boardman & Co. v. Clark, 166 Okl. 194, 26 P.2d 906, 908; Behling v. Fox Rig & Lumber Co., 187 Okl. 682, 105 P.2d 532, 534.

■ Recurrence of temporary incapacity, either before or after a determination of permanent partial disability has been effected, constitutes a change of condition within the contemplation and purview of 85 O.S.1961 § 28, and affords a proper basis for an order allowing additional compensation. Hondo Petroleum Company v. Piearcy, Okl., 376 P.2d 1012, 1013. An additional allowance of temporary benefits may be predicated upon a finding that claimant is in need of medical attention due to a subsequent progression in his compensable condition. Phillips Petroleum Co. v. Anguish, 201 Okl. 691, 209 P.2d 689, 690.

■ According to the letter-reports of Dr. M, claimant requires further treatment for the aggravation of his varicose veins in the right lower extremity and a procedure known as stripping "offers him the best opportunity for relief" of tenderness and pain in the anterior aspect of the right tibia. Although Dr. M made no express mention of a change in claimant's condition, a specific statement to that effect was not necessary. Stating it conversely, its absence is not fatal. The reports clearly indicate that the pathology in the right lower extremity has, since the entry of the last award, advanced to a different state of development, changing from a quiescent and stationary condition to one that is acute and requires medical attention. The evidence as outlined is sufficient to establish the factum of a change in condition. Oklahoma Gas & Electric Co. v. State Industrial Court, Okl., 366 P.2d 609, 613; Phillips Petroleum Co. v. Anguish, supra; Evans-Wallower Lead Co. v. Dry, 178 Okl. 48, 61 P.2d 561. The medical evaluation is not vulnerable to objection that it constitutes a mere reappraisal of disability identical to that which had been determined by the prior award. This is because the expert opinion addressed itself to factors not in existence and ascer-

**664** ■ ■

tainable before. Wade Lahar Construction Company v. Howell, Okl., 376 P.2d 221, 224.

■ A physician's opinion need not be given in categorical terms nor in the precise language of the statute. An award rests on competent evidence when it is supported by the general tenor and intent of the medical testimony in the record. Oklahoma Gas & Electric Co. v. State Industrial Court, supra; Star Printery Company v. Pitman, Okl., 376 P.2d 291, 294.

Lastly, employer complains of the trial tribunal's failure to make a finding (1) of the precise point of time at which the change of condition occurred; (2) of the cause of the change; and (3) of the "nature of the change."

■ The determination of a precise date at which a change in condition arises is necessary only to demonstrate that its occurrence is subsequent to the entry of the last prior award and to prevent an allowance of benefits for a period included in the previous decision. Wade Lahar Construction Company v. Howell, supra, 376 P.2d at p. 225. In the instant case it is clear from the record as outlined earlier in the opinion that the need for medical attention arose as a result of new factors occurring since the last award. The temporary total benefits allowed were ordered to commence when claimant accepts additional treatment. Hence the increased benefits will not fall due concurrently with any other compensation to be received. In this posture of the record, the failure to fix the precise date at which the change occurred will not be deemed to constitute error. Wade Lahar Construction Company v. Howell, supra.

■ Neither was there error in failing to find or recite in the order the cause and nature of the change. Our decision in Oklahoma City Tent and Awning Company v. Malson, Okl., 362 P.2d 971, is inapplicable to the facts in the present proceeding. In that case the change asserted was in a condition whose presence

had not been disclosed in the prior proceeding and therefore its causal relation to the accidental injury remained unadjudicated. We held that the trial tribunal's findings were deficient for want of determination that the additional disability was due either to a condition previously adjudged to be compensable or was attributable to one which was known and reported to the trial tribunal but not mentioned in the award and therefore "reserved" for a later determination. In the instant case the change asserted was in a condition unquestionably known by the parties at the time of the initial hearings upon the claim. Therefore, the compensable character of that condition, having been determined by the prior award, did not require reiteration by a new finding in the order under review. Spartan Aircraft Company v. Stockton, Okl., 370 P.2d 13, 16.

The order rests on competent evidence and is free from errors of law.

The award is accordingly sustained.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, JACKSON, and IRWIN, JJ., concur.