**PITTSBURG PLATE GLASS COMPANY,**
a Corporation, Petitioner,

v.

**Vester WILLIAMS and State Industrial Court, Respondents.**

No. 40074.

Supreme Court of Oklahoma.

Oct. 5, 1965.

Ernest W. Smith, Smith & Douglass, Henryetta, for petitioner.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent, State Industrial Court.

JACKSON, Vice Chief Justice.

This is an original proceeding to review an award of the State Industrial Court in favor of claimant, Vester Williams, for $100.00.

There is no dispute as to the facts. Claimant suffered a burn on the left forearm which caused a scar beginning about two inches above his wrist, and extending about two and one-half inches in length, and between one-fourth and one-eighth of an inch in width. He lost no time and suffered no disability. The trial judge found that claimant sustained an accidental personal injury "consisting of injury to his left forearm"; he further found that "Claimant lost no compensable time and that claimant sustained permanent disfigurement in the amount of $100.00".

It is suggested that the award can be sustained as a disfigurement to the hand under 85 O.S.1961, § 22, which provides in part that "In case of an injury resulting in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of Three Thousand Dollars ($3,000.00); * * *".

This court considered that portion of the statute in Ford Motor Company v. Farmer,

146 Okl. 9, 293 P. 191, in which an award for disfigurement was sustained because of a scar on "the inside of his wrist and extending on down to the palm of the hand". In the body of the opinion, the court said:

"Webster, in his New International Dictionary, defines the term 'hand' as follows: 'In anatomical usage the hand, or manus, includes the phalanges, or fingers and thumb; the metacarpus, or hand proper; and the carpus or wrist'."

Under that definition, the hand of claimant has plainly not been disfigured. The trial judge found, and the undisputed evidence shows, that the scar is on claimant's left forearm, not his hand. Our statute makes no provision for compensation for a disfigurement to the forearm where there is no loss of time and no disability.

It is suggested that this court may, by analogy, extend the definition of "hand" so as to include the forearm, because of the following language from Sec. 22:

"Amputations: Amputations between the elbow and the wrist shall be considered as the equivalent of the loss of a hand. * * *".

This paragraph of Sec. 22 must be construed in connection with our general statute, 25 O.S.1961, § 1, which provides: "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears * * *". It is not suggested that in its "ordinary meaning", the word "hand" includes "forearm". By its enactment of the "Amputations" paragraph, our legislature has made a "contrary intention" plainly appear, where amputations are concerned. We find no such "contrary intention" as regards disfigurements, and the word "hand" must therefore be understood in its ordinary meaning.

Respondents also argue that our holding in Behling v. Fox Rig and Lumber Co., 187 Okl. 682, 105 P.2d 532, supports, by analogy, the proposition that "hand" includes "forearm". In that case the injury consisted, among other things, of a broken right wrist.

On medical testimony which showed a "Comminuted fracture with compression and backward dislocation of the lower end of the radium", the Commission made an award for temporary total disability. The word "radium" is obviously a mistake of the scrivener, and from the context it is clear that the proper word was "radius", one of the bones of the forearm. Later, without the taking of additional testimony, the Commission approved a Form 14 agreement which provided for fifteen percent permanent partial disability to claimant's right hand. About five years thereafter, upon motion of claimant, the Commission made an additional award for injury to the "right upper arm". In this award, the Commission considered the prior settlement as having been for an injury to the "right lower arm". After setting out the above-quoted testimony showing the fracture of the bone in the forearm, this court held that the prior award was res adjudicata as to the entire arm, and pointed out that the statute (85 O.S.1961, § 22) makes no distinction between the "lower arm" and "upper arm". The question of whether "hand" includes "forearm" was not an issue in that case, since evidence of the fracture in the forearm was before the Commission when the award, which was not appealed, was made. The court also held that, because of the rule set out in the court's syllabus in Earl W. Baker and Co. v. Morris et al., 176 Okl. 68, 54 P.2d 353, no award based on change of condition could be sustained.

It is also argued that cases such as Special Indemnity Fund v. Farmer, 195 Okl. 262, 156 P.2d 815, and Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584, support the proposition that "hand" includes "forearm". In those cases, this court approved awards for injuries to the hand in instances where the actual injury was to two or more fingers. In those cases, however, there was competent evidence that the injuries to the fingers actually produced disability in the "whole hand". In the case now before us, there is no comparable evidence that the scar on the fore-

**996**

arm actually produced a disfigurement to the hand.

Finally, it is argued that the Texas case of National Surety Corp. v. Winder, Tex. Civ.App., 333 S.W.2d 450, supports the proposition that "hand" includes "forearm". An examination of that case, and the earlier Texas case upon which it relies, reveals that the definition of "hand" there used is based upon Texas statutory provisions which are different from ours.

Since there was no loss of time and no disability, the award in this case may be sustained, if at all, as an award for disfigurement. Our statute provides only for awards for disfigurement to the head, face or hands. There is no competent evidence of such a disfigurement in the record before us.

■ An award of the State Industrial Court which is entirely unsupported by any competent evidence will be vacated on review. Town of Wellston v. State Industrial Court, Okl., 385 P.2d 289.

The award is vacated.