**FOX BUILDING SUPPLY COMPANY and St. Paul Fire and Marine Insurance Company, Petitioners,**

v.

**Albert E. BOND and State Industrial Court of the State of Oklahoma, Respondents.**

No. 52069.

Supreme Court of Oklahoma.

Dec. 26, 1979.

John A. McCaleb, Fenton, Fenton, Smith Reneau & Moon, Oklahoma City, for petitioners.

J. Clark Russell, Oklahoma City, for respondent Albert E. Bond.

Jan Eric Cartwright, Atty. Gen., State of Oklahoma, for respondent State Industrial Court.

SIMMS, Justice:

These proceedings are to review an order of a Judge of the Workers Compensation Court which combined an injured workman's wages from two different and dissim-

ilar employments to determine the claimant's rate of compensation.

Court of Appeals affirmed the order of the trial court and we Grant Certiorari.

The case was presented to the trial judge on a written stipulation of fact. The essentials gleaned from the stipulation are that claimant was employed full time as a "Unit Leader Packer" for Acco Feeds, and was listed on certain company records as a "craftsman". Claimant also worked part time for petitioner, Fox Building Supply, as a yardman, doing manual labor as a handyman, and performing whatever jobs "needed doing". Claimant worked for Fox Building Supply 45 to 47 days in 1976, and a total of nine days in the first three months of 1977, until he suffered grievous injury in his part-time employment. Both employments come within the purview of the Workers Compensation Act.

In deciding whether claimants wages from the two jobs may be combined for the purpose of computing compensation, reference must first be made to *Geneva-Pearl Oil & Gas Co. v. Hickman, 147 Okl. 283, 296 P. 954 (1941)*. In *Hickman*, claimant was employed as a pumper by Geneva-Pearl and also as a pumper by the Rockland Oil and Gas Co. He spent his time looking after the wells of each company, neither of which owned an interest in the wells of the other. The claimant sustained injuries while attending to the business of Geneva-Pearl when he was performing no duties for Rockland. This Court determined that claimant's *employment* under 85 O.S.1971, § 21 [1] was that of a pumper and consequently all his earning from that employment were to be considered in computing the compensation rate. Wages from Geneva-Pearl and Rockland paid claimant as a pumper were combined.

In 1966, this Court decided *Max E. Landry, Inc. v. Treadway, Okl., 421 P.2d 829*, where the claimant was employed full time for the telephone company. She did part time work for another employer. While entering the place of business of her part time employer, claimant suffered a fall and was injured. In ruling that the earnings from the two jobs could not be combined for the purposes of computation of compensation under the Workman's Compensation Act, this Court noted in Syllabus Two:

"In computing compensation for injured workman, it is error to consider income from other sources and other employers."

It is this syllabus which poses the greatest analytical difficulty.

We believe that any imagined conflict between *Hickman* and *Treadway*, can be resolved by careful reading of the Court's opinions. In *Hickman*, the claimant had a single employment—a pumper. Title 85 O.S.1971, § 21, uses the term "employment" in the singular. In *Hickman*, this Court was able to give the statute a liberal construction on claimant's behalf without doing violence to the express language of the statute.

On the other hand, in *Treadway*, the claimant was engaged in two employments. In such a case, unless the claimant can show that the employments are either identical or substantially similar, the express terms of the statute foreclose combination of wages to compute the rate of compensation under the Act.

This distinction was articulated in *Burkan Oil Co. v. Notley, Okl., 488 P.2d 1277 (1971)*, where the operative facts were identical to those in *Hickman*. The claimant was permitted to combine the wages paid by two employers upon a showing that the duties performed for both employers were substantially similar. It was pointed out in *Notley*, that no such showing was made in the *Treadway* case, and no such showing was made on the record in the case at bench.

The stipulated facts here will not support the conclusion that the employments were identical or sufficiently similar to invoke the *Hickman* result, and the trial judge erred in combining the wages for purposes of computing claimant's compensation.

1. The statute under construction in *Hickman* is the statute controlling in this case.

Certiorari Granted. Court of Appeals Opinion Vacated. Order of Workers Compensation Court Vacated and Cause Remanded for further proceedings not inconsistent herewith.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, SIMMS and HARGRAVE, JJ., concur.

WILLIAMS, HODGES and DOOLIN, JJ., dissent.