CITY OF GUYMON and the State Insurance Fund, Petitioners,

v.

Billy TATE and The Workers' Compensation Court, Respondents.

No. 76102.

Court of Appeals of Oklahoma, Division No. 3.

May 14, 1991.

Rehearing Denied July 1, 1991.

Certiorari Denied Nov. 26, 1991.

Linda S. Foreman, Robert Highsaw, State Ins. Fund, Oklahoma City, for petitioners.

Michael J. Harkey, Oklahoma City, for respondent.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Billy Tate (Claimant) filed his Form 3 in the Workers' Compensation Court on June 29, 1989, alleging he sustained an accidental injury arising out of his employment with the City of Guymon (Employer). He alleged he jarred and sprained his hip, pelvic bone and neck, and the injury occurred on February 20, 1989, while working with a backhoe when the seat on it fell with him. He indicated this had happened more than once. He also showed June 16, 1989, as the last day worked after the injury. Claimant filed an Amended Form 3 on November 3, 1989, alleging the injury was a cumulative trauma from February 20, 1989 to June, 1989; and, he had injured his hip, head, neck and back when the backhoe window struck him on his head and neck. He alleged the defective backhoe seat jammed his back five times a day for over a month. The amended form showed the last day worked as "June 1989".

The trial court awarded Claimant compensation for temporary total disability (TTD), finding him still in need of further medical care, and awarding him TTD, not to exceed a total of 150 weeks. For the TTD paid by Employer from June 19, 1989 to October 23, 1989, the court found it had been paid at the incorrect rate of $189.54 per week, and ordered an additional amount of $746.28 to be paid to him. Further, the court found Claimant was paid TTD from October 23, 1989 to February 26, 1990, at the incorrect rate of $54.56, and was entitled to an additional sum of $3,175.92. Then, the court found TTD was due at the rate of $231.00 per week from March 6, 1990, to the date of the order, for a total of $1,694.00, for a total of $5,616.20 then due and owing.

Employer and the State Insurance Fund (the Fund) appealed to the Court *En Banc*, and a three-judge panel affirmed with modification of paragraph three of the trial court's order, correcting the rate of TTD from $295.59 per week to $231.00 per week. The modified order also provided for interest to be paid at the rate of 18% per year.

Employer and the Fund contend: (1) the order of the court granting Claimant the maximum benefit rate is contrary to law because it combines wages from separate, unrelated employments with the same employer; and (2) the order granting maximum benefits to Claimant must be vacated since the findings of fact are too indefinite for judicial interpretation.

Claimant works for Employer in two capacities. He is a lieutenant in the fire department, and he works part time for the gas and water department. When he was injured, he was working for the gas department. Employer and the Fund (Petitioners) argue that the trial court erred by combining the wages from the two jobs to compute the rate of compensation. They argue that the wages from these jobs may not be combined because they are separate, unrelated employments. Further, they argue it is the nature of the employment itself and not the identity of the employer that determines whether the wages may be combined.

In support of this contention, Petitioners cite *Fox Building Supply Co. v. Bond*, 604 P.2d 859 (Okl.1979), and *Geneva–Pearl Oil & Gas Co. v. Hickman*, 147 Okl. 283, 296 P. 954 (1931). In *Hickman*, a claimant worked for two oil and gas companies in the capacity of a pumper. The Court determined that his "employment" under 85 O.S.1971 § 21 was that of a pumper, and that all of his earnings from that "employment" were to be combined to determine his rate of compensation. The *Hickman* court determined, 296 P. at page 955, that "employment" means:

'occupation' or 'business' of the injured employee. In other words, in this particular case the business of the injured employee was that of a pumper to look after the pumping of the wells on the two leases. That was his business or employment. It makes no difference whether he gave all of his time to one or more employers.

It was held in *Fox*, supra, that a claimant could not combine the wages from his two employments to determine his rate of compensation. In one job, he worked full time as a "Unit Leader Packer" and was also listed as a "craftsman". He also worked part time for another employer as a yardman, or handyman. The *Fox* court stated the term "employment" in § 21 is in the singular. If a claimant is engaged in two employments, the wages are not combinable under the Workers' Compensation Act "unless the claimant can show that the employments are either identical or substantially similar." 604 P.2d at 860. The Supreme Court, relying upon *Hickman*, determined his "employments" were not combinable. The *Hickman* rule was applied in *Burkan Oil Co. v. Notley*, 488 P.2d 1277 (Okl.1971), to combine the wages of a pumper employed by two companies.

In the instant case, Claimant testified that he was a firefighter for the Guymon fire department, and a backhoe operator for the Guymon gas and water department on a part time basis. The evidence did not show that the nature of Claimant's work in these two capacities was similar in nature, although he was employed by one employer, the City of Guymon. Claimant

answered affirmatively when asked if these departments were completely separate operations with their own department heads and personnel. However, the lack of similarity or identity between Claimant's jobs does not bring the present case within the *Hickman* rule.

In the present case, there is only one employer. Petitioners cite no cases applying the *Hickman* rule in which the claimants worked for only one employer. The present case is thus readily distinguishable from *Hickman, Fox,* and *Notley,* and we decline to apply the rule to this case.

■ Petitioners also contend the three-judge panel's order is too indefinite because it failed to articulate the basis for its computation. Thus, they contend the findings of fact and conclusions of law are not responsive to the issues raised at bar. Claimant did not respond to this proposition in his brief.

The issue is whether the order is so indefinite that it is incapable of judicial interpretation. *Gleason v. State Industrial Court,* 413 P.2d 536 (Okl.1966); *Matter of Death of Robinson,* 718 P.2d 714 (Okl. App.1985). It is obvious to this Court that the trial court did not find there was a restriction to combining the employments because of the fact that it referred to the separate wages of $189.54 and $54.56 as the "incorrect" rates. The court awarded additional compensation, based upon the maximum TTD rate of $231.00, to reimburse Claimant for the amount which was deducted by Employer. This order is not incapable of judicial interpretation.

Our inquiry in any review proceeding is whether the order of the Workers' Compensation Court is supported by any competent evidence. See *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). We hold this order is supported by competent evidence.

ORDER SUSTAINED.

HUNTER, C.J., and HANSEN, J., concur.